[No. 6258. Decided October 23, 1906.]

MADS PETERSON, *Appellant*, v. THEODORE STEINHOFF *et al.,*
*Respondents.*[1]

COVENANTS—BREACH OF WARRANTY—JUDGMENTS—CONCLUSIVENESS
—NOTICE TO DEFEND.  Where a covenantor in a warranty deed was
served with notice to appear and defend an action of ejectment, and
failed to do so, a default judgment entered in the ejectment suit is
not conclusive against the covenantor that his title was defective,
unless the covenantee proves, or the record in ejectment affirma-
tively shows, that his title was in issue; and an action on the coven-
ant is properly dismissed where the plaintiff failed to show that the
judgment in ejectment was not rendered by reason of any act or
default on his part.

Appeal from a judgment of the superior court for Lewis
county, Rice, J., entered January 25, 1906, upon findings
in favor of the defendant, after a trial on the merits before
the court without a jury in an action for breach of war-
ranty.   Affirmed.

*Merritt & Merritt, Millett & Harmon,* and *W. E. Southard,*
for appellant, to the point that the covenantor who is notified
to appear and defend and does not do so is bound by the
judgment of eviction, cited:  *Cullity v. Dorffel,* 18 Wash.
212, 50 Pac. 932; 11 Cyc. 1104, and cases cited; *Ives v. Niles,*
5 Watts. 323; 8 Am. & Eng. Ency. Law (2d ed.), 206;
*Jackson v. Marsh,* 5 Wend. 44; *Brown v. Hearon,* 66 Tex.
63, 17 S. W. 395; *Chamberlain v. Preble,* 11 Allen 370, and
the authorities cited in the briefs in *Cullity v. Dorffel,* viz:  2
Warvelle, Vendors, p. 1006; Martindale, Conveyancing,
§ 170; Wade, Notice, p. 264; Rawle, Covenants, §§ 122-124;
Devlin, Deeds, § 935; *Haines v. Fort,* 93 Ga. 24, 18 S. E.
994; *Maverick v. Routh,* 7 Tex. Civ. App. 669, 26 S. W.
1008; *Wheelock v. Overshiner,* 110 Mo. 100, 19 S. W. 640;
*Brown v. Taylor,* 13 Vt. 631, 37 Am. Dec. 618; *Chicago v.*

[1]Reported in 87 Pac. 118.

Robbins, 2 Black 418, 17 L. Ed. 298; *Robbins v. Chicago*, 4 Wall. 657, 18 L. Ed. 427; *Douthitt v. MacCulsky*, 11 Wash. 601, 40 Pac. 186; *King v. Kerr's Adm'r*, 5 Ohio 154, 22 Am. Dec. 777; *Wendel v. North*, 24 Wis. 223; *McConnell v. Downs*, 48 Ill. 271; *Anderson v. Bigelow*, 16 Wash. 198, 47 Pac. 426.

*Forney & Ponder*, for respondents.

RUDKIN, J.—On the 26th day of April, 1902, the defendants Steinhoff and wife conveyed to the plaintiff Peterson lots 3, 4 and 5 of block 13 in the town of Almira, Lincoln county, Washington, by deed of general warranty, in consideration of the sum of $1,250 to them in hand paid. In the month of March, 1904, A. W. Salisbury and wife commenced an action in the superior court of Lincoln county against the plaintiff Peterson for the recovery of the possession of said lots, and for a judgment quieting their title thereto. Immediately after the service of the summons, in said last-mentioned action, the plaintiff Peterson served on the defendants Steinhoff and wife a written notice of the commencement of said action, requiring them to appear and defend the same upon the covenants of warranty contained in their deed. No appearance was entered in this action by either Peterson or the Steinhoffs, and on the 6th day of May, 1904, judgment was given by default, quieting the title to said lots in Salisbury and wife and awarding them the possession thereof. Thereupon this action was commenced to recover damages for breach of the covenants of warranty contained in the deed from the Steinhoffs to Peterson. The complaint alleged, and the plaintiff proved, the execution and delivery of the warranty deed from the defendants to the plaintiff; the payment of the purchase price; the commencement of the action by Salisbury and wife to recover possession of and quiet their title to the lots conveyed by the deed; a notice to the defendants herein to appear and

defend on their covenants of warranty; and the default judgment. Upon this testimony the court found, among other things, "That the judgment of eviction aforesaid, was not rendered by reason of a superior title of the said A. W. Salisbury and wife not derived from the said Mads Peterson," and entered a judgment of dismissal. From this judgment the defendants appeal.

If the finding that the judgment of eviction was not rendered by reason of a paramount title in Salisbury and wife, not derived from the appellant, is sustained by the testimony; or rather is justified by the lack of testimony, no breach of the covenant of warranty is shown, and the judgment must be affirmed. The appellant relies upon the rule broadly stated by this court in *Cullity v. Dorffel*, 18 Wash. 122, 50 Pac. 932, as follows:

"The rule is well settled that a covenantor of title is bound by a judgment of eviction against the person to whom the covenant has run, where he has appeared and defended the action, or *where he was notified to do so*, and, in the absence of any showing of fraud or collusion the covenantor who has neglected *after notice* to defend will not be permitted to assert that the recovery was not obtained by virtue of a paramount title;"

and upon other like general statements of the rule contained in judicial decisions and text books. This general statement of the rule is correct if limited to the issues presented and tried in the ejectment suit. Where notice to defend has been given, the judgment in ejectment is, no doubt, conclusive of the question that the title of the plaintiff in ejectment was paramount to the title of the defendant in ejectment *at the time of the rendition of the judgment of eviction*, in the absence of fraud or collusion, and is also conclusive of the question that the title of the plaintiff in ejectment was paramount to the title of the covenantor at the time of his conveyance to the defendant in ejectment, if such title was in issue in the ejectment suit; but otherwise it manifestly is not.

Suppose the convenantee should give a deed of the property and refuse to surrender possession, or should give a mortgage and suffer a foreclosure, or should suffer the property to be sold for a tax or assessment which he was obligated to pay, could the covenantor defend against such claims, or would a judgment in ejectment be conclusive that the grantor's covenant of warranty was broken? Assuredly not. And the general rule above stated is only correct and only applicable when limited by the issues presented and tried in the ejectment suit. Thus in *Cullity v. Dorffel, supra,* the court cites, in support of its decision, Rawle on Covenants for Title, § 122. That section is as follows:

"So far as the plaintiff in his action on the covenant must, notwithstanding a notice given by him, affirmatively show by evidence *dehors* the record that the recovery against him was under a title not derived from himself, the question admits of easy solution. It has been seen that in a declaration for a breach of the covenant for quiet enjoyment it is necessary to allege not merely that the eviction was made under paramount title, but that such title was 'existing before and at the time of the conveyance to the plaintiff,' as the eviction might indeed be under a paramount title, but one which had been derived from the plaintiff himself, for which of course his covenantor would not be responsible."

In *Davenport v. Muir,* 3 J. J. Marshall (Ky.) 310, the court said:

"If the covenantor be notified of the pendency of the suit against his covenantee, the judgment against the latter is evidence against the former that the recovery was obtained by paramount title. If the notice be sufficient, the judgment will be conclusive, unless it had been obtained in consequence of some act which occurred after the date of the covenant."

"But where the covenantor has been notified of the pendency of such suit, or appeared, or was a party thereto, the record of such judgment is conclusive evidence of the paramount title of the adverse claimant, provided the covenantee proves, or the record shows affirmatively, that such judgment

was not obtained through title derived from himself since the execution of the deed by the covenantor."

See, also, 8 Am. & Eng. Ency. Law (2d ed.), p. 203; Freeman, Judgments (4th ed.), § 187. While, therefore, a conclusive presumption attaches to the judgment of eviction in ejectment, where notice to the covenantor to defend has been given, in the absence of fraud or collusion, the judgment in the nature of things can be no evidence that the title of the covenantor was defective perhaps years before, unless that title was in issue; and unless the record in the ejectment suit shows that the title deraigned from the covenantor was in issue, it is incumbent on the plaintiff to show, in an action on the covenant, that the judgment in ejectment was not rendered by reason of any act or default of his own. Inasmuch as the appellant failed to prove a breach of the covenant of warranty, the judgment must be affirmed, and it is so ordered.

MOUNT, C. J., DUNBAR, CROW, HADLEY, and ROOT, JJ., concur.