[No. 6238.   Decided December 21, 1906.]

RUFUS L. KING et al., Appellants, v. WILLIAM CARMICHAEL et al., Respondents.[1]

BOUNDARIES—ESTABLISHMENT—SURVEYS—LOST CORNERS. The original location of a government corner marks the boundary line if it has been preserved; but if it is lost, it is properly established according to government rules for the relocation of lost corners.

Appeal from a judgment of the superior court for King county, Frater, J., entered December 11, 1905, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to establish the dividing line between two quarter sections of land. Affirmed.

*Vince H. Faben,* for appellants.
*Larrabee & Wright,* for respondents.

PER CURIAM.—This appeal presents a contest over the location of the dividing line between the southeast and southwest quarters of section six, in township twenty-four, north of range six east of the Willamette Meridian. The line marking the south boundary of the section was reported by the government surveyor, who originally surveyed it, as being practically of full length. Subsequent measurements, however, established the fact that its actual length was some 942 feet short of a mile. The appellant contended at the trial that the southeast quarter of the section was originally of full width, leaving all of the shortage in the southwest quarter, and he sought to establish his contention by showing the original location of the quarter section corner. The respondent contended that the original corner was lost and could not be found, and that its location must be determined according to the rules laid down by the Interior Department

[1] Reported in 87 Pac. 1120.

for the establishment of lost corners. A dividing line had been run by the county surveyor according to these rules, apportioning the shortage between the two quarter sections.

The case presented a question of fact only. If the place of location of the original corner has been preserved, then unquestionably it marks one of the points from which the dividing line between the quarter sections must be run, no matter at what point on the line it is found. On the other hand, if the corner is lost, then it must be established according to the rule followed by the county surveyor, or by some rule equally satisfactory and which will produce an equitable result. On the question of fact we are not·inclined to disturb the findings of the trial court. While two witnesses did testify positively that they found the original corner some years ago while the original bearing trees were standing and marked its place with a cedar stake, we think their evidence was overcome by the evidence on the part of the witnesses for the respondent, as well as by certain physical facts shown in the record. The judgment appealed from is right and will stand affirmed.