## Jack T. Griffin and Wife, Plaintiffs in Error, *v*. James Y. Reynolds.

Where a suit was brought for damages sustained by the breach of a covenant of warranty of title to land in Alabama, and the plaintiff, in order to establish the existence of an outstanding paramount title at the date of the conveyance, offered the record of a suit in ejectment against his grantor, in which suit the plaintiff himself had been . witness, this record should have been allowed to be given in evidence, without any reservation.

The ruling of the court was, therefore, erroneous, admitting the record, but referring it to the jury to determine whether the testimony given by the plaintiff was material, and if so, to disregard the evidence.

In order to show an outstanding title, a copy from the records of the probate court in Alabama, of a deed of trust from the original owner of the land, was offered in evidence, but no evidence was offered to account for the original. This copy should not have been admitted.

The deed containing the warranty upon which the suit was brought, was properly admitted in evidence, being an original deed, duly acknowledged and recorded.

An instruction to the jury was erroneous, namely, that if the plaintiff had not lost all the land conveyed to him by the defendant, then the jury might allow him the average value of the part lost, in proportion to the price paid for the whole. · The true measure of damage was the loss actually sustained by the eviction from the land for which the title has failed.

Although the deed of warranty was properly made by the grantor and wife, in order to bar her dower, yet an action upon the covenant of warranty cannot. be brought against her. She can make no such covenants.

THIS case was brought up by writ of error from the district

court of the United States for the northern district of Mississippi.

The case is stated in the opinion of the court.

It was argued by *Mr. Reverdy Johnson, Jr.*, and *Mr. Reverdy Johnson*, with whom was *Mr. Adams*, for the plaintiffs in error, and by *Mr. Lawrence*, for the defendant in error.

Mr. Justice CAMPBELL delivered the opinion of the court.

The defendant recovered a judgment in the district court, for damages sustained by the breach of a covenant of warranty of title to land in Alabama, contained in a conveyance of the plaintiffs to him.

To establish the existence of an outstanding paramount title at the date of the conveyance, the defendant relied upon a judgment and execution in a suit in ejectment, commenced in Alabama, for the land, a few days after the date of the deed, to which the plaintiff (Griffin) was a defendant, and which resulted in a judgment against him, that was followed by a writ of possession, which is returned "executed." It appears, from the evidence, that the defendant was called by the plaintiff in the ejectment suit as a witness, though it is not clear to what fact in issue. Objection was made that the record of the suit could not be used under these circumstances. The district court admitted the record, but referred it to the jury to determine whether his testimony was material, and, if so, to disregard the evidence.

This ruling is assigned as error. There are authorities to the point that a record of a verdict and judgment cannot be used in favor of one who has contributed, by his evidence, to their recovery, (18 John. 351; 4 Day, 431; 2 Hill and Cow. notes 5;) and one of the reasons assigned for confining the use of judgments to the parties and privies to them is, that a stranger may have produced them by his testimony. But the court is of opinion that this exception to the general rule, defining the parties by whom the evidence may be used, would introduce an inconvenient collateral inquiry, and that no practical evil will result from maintaining the general rule unimpaired; and that it is important that the rules of evidence should be broad and well defined.

The record in the present suit should have been admitted, without any reservation. Blakemore *v.* Glamorganshire Canal Co. 2 C. M. and R. 133.

There was some doubt upon the trial whether the issue of the defendant could be sustained by this evidence, and therefore he attempted to prove the existence of a paramount title

in the lessors of the plaintiff in the ejectment suit. For this purpose he proved that the land had belonged to one Oliver, who, in 1838, conveyed it to trustees, to secure certain liabilities described in the deed, and that under this deed the property had been recovered; that the plaintiff's title came from Oliver, by sheriff's deeds, dated in 1841, and was inferior to that of the trustees. To prove the deed of trust, he introduced a copy from the records of the probate court in Alabama, where it had been recorded, but gave no evidence to account for the original.

At the date of the copy there was no law in Alabama which authorized the use of copies in place of and without accounting for the original; and in relation to deeds of trust, the registry acts of that State merely required their registration for the purpose of giving notice, but did not assign any value to the record as evidence in courts, nor has any statute of Mississippi enlarged the operation of the statute of Alabama in that State. Bradford *v.* Dawson, 2 Ala. 203; 5 Ib. 297; 13 Ib. 370. We think that this copy should not have been admitted.

The deed from the plaintiff to the defendant, in which the warranty is contained, is an original and absolute deed, duly acknowledged and recorded; and the act which authorizes the acknowledgment also provides that it shall be admitted as evidence in courts without further proof. Clay's Dig. 161, § 1; Robertson *v.* Kennedy, 1 Stew. 245.

We think that, under the decisions of this court, this deed was properly admitted. Owings *v.* Hull, 9 Pet. 607.

The court was requested by the plaintiffs " to instruct the jury that this is an action for damages, and that the plaintiff can only recover the value of the part lost, if a part only was lost at the time of the eviction, in proportion to the amount he paid," which charge was refused; and the jury was instructed " that if the plaintiff had not lost all the land conveyed to him by the defendant, then the jury might allow him the average value of the part lost, in proportion to the price paid for the whole. The charge given by the court is erroneous. The measure of damages is the loss actually sustained by the eviction from the land for which the title has failed, and that damage would not usually be ascertained by taking the average value, though the recovery could not exceed the consideration paid, interest, and expenses of suit. The joinder of the wife with the husband, in this action, is also assigned for error. The statutes of Alabama authorize the wife to bar her claim to dower by such a conveyance as this, but do not enlarge her power to enter into personal engagements or to incur responsibilities for the title. George *v.* Gooldsby, 23 Ala. 327; Hughes *v.* Williamson, 21 Ib. 296.

SUPREME COURT.

There is a misjoinder of parties. But this objection is taken here, for the first time; and the difficulty may be obviated by a *nolle prosequi* in the district court, which is allowable under the decisions of this court. Minor *v.* Bank of Alexandria, 1 Pet. 46; United States *v.* Leffler, 11 Ib. 86; Amis *v.* Smith, 16 Ib. 303.

Judgment reversed and cause remanded.

### *Order.*

This cause came on to be heard on the transcript of the record from the district court of the United States for the northern district of Mississippi, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said district court in this cause be and the same is hereby reversed, with costs, and that this cause be and the same is hereby remanded to the said district court, with directions to award a *venire facias de novo.*