MERRIMACK.

### Winnipiseogee Paper Co. *v.* John G. Eaton & *a.*

Where covenants of title in a deed are broken as to a part of the land conveyed, the damages are such a portion of the purchase-money and interest as the value of that part bears to the value of the whole land measured by the price paid.

A set-off will not be allowed in a suit against A, B, and C of a debt due from the plaintiff to a copartnership composed of A and B.

Covenant Broken. Facts found by the court. The defendants conveyed to the plaintiff by warranty deed containing the usual covenants of seisin, good right to convey, and against incumbrances, a tract of land " recently run out and spotted around by marking trees by George T. Crawford, surveyor," "supposed to contain one thousand acres," the deed containing an agreement that if said survey did not contain one thousand acres the grantors would deed " such additional land adjoining as shall be necessary to make one thousand acres." At the same time the defendants executed and delivered to the plaintiff a bond conditioned for the performance of this agreement " on demand of said company within two years from date." Upon investigation it was found that the Crawford survey contained only about eight hundred and eighty-five acres, but no demand was ever made by the plaintiff upon the defendants to convey land to make up the deficiency, though a survey of adjoining land necessary to make up such deficiency was made by one Lund by direction of the plaintiff, without notice to the defendants and without their knowledge.

Brown's Lumber Company have recovered a judgment against the plaintiff in a writ of entry for a portion of the land conveyed by the defendants to the plaintiff, and also in an action of trespass for cutting and carrying away wood and timber on such portion, and the plaintiff has satisfied these judgments and paid the sum of $300 for expenses incurred in defending the suits. The defendants were notified of the suits and requested to defend them, but did not appear. Two hundred and two acres of the Crawford survey, and one hundred and nine acres of the Lund survey, were owned by Brown's Lumber Company. It did not appear what portion of the cutting for which the lumber company recovered damages was within the limits of the Crawford survey.

The defendants admitted that there was a breach of the covenant of seisin and of good right to convey as to the two hundred and two acres of the Crawford survey owned by the lumber company, but they denied any liability beyond that. The plaintiff claimed that the defendants were also liable as to the one hundred and nine

acres in the Lund survey, upon their agreement to convey land sufficient to make one thousand acres is case of deficiency.

In negotiating for the purchase of the land, an attempt was made to ascertain approximately the quantity and value of the growth upon it, but the examination with that view only covered two thirds of the territory. Upon all the evidence, the court found that the relative value of the territory from which the plaintiff had been evicted in proportion to the whole tract was ten dollars per acre.

The defendants, with the exception of John G. Eaton, comprise the Twin River Birch Company. They claim to set off a debt due from the plaintiff to that company, which the plaintiff has declined to pay, claiming that the members of the birch company might become indebted to him by reason of the failure of title to land conveyed by the defendants.

*Daniel Barnard* and *W. S. Ladd*, for the plaintiff.

*Bingham & Mitchell*, for the defendants.

ALLEN J. The covenant in the deed of the defendants to the plaintiffs was of title and good right to convey and of quiet enjoyment of a definite tract of land described by metes and bounds. The title to two hundred and two acres of this land failed. The rule of damages upon the breach of these covenants is the consideration paid and interest from the date of conveyance, with the cost of suit attending eviction. *Moody* v. *Leavitt*, 2 N. H. 174; *Morse* v. *Shattuck*, 4 N. H. 229; *Bedel* v. *Loomis*, 11 N. H. 9, 19; *Willson* v. *Willson*, 25 N. H. 229; *Drew* v. *Towle*, 30 N. H. 531; *Nutting* v. *Herbert*, 35 N. H. 120; *Foster* v. *Thompson*, 41 N. H. 373. When the covenants are broken as to part of the land conveyed, the damages are such a portion of the purchase-money and interest as the value of that part bears to the value of the whole land measured by the consideration. *Ela* v. *Card*, 2 N. H. 175; *Partridge* v. *Hatch*, 18 N. H. 498; *Cornell* v. *Jackson*, 3 Cush. 506; *Morris* v. *Phelps*, 5 Johns. 49; *Furniss* v. *Ferguson*, 15 N. Y. 437; *Beaupland* v. *McKeen*, 28 Pa. St. 124; *Griffin* v. *Reynolds*, 17 How. 609. The amount of damages on account of partial failure of title, that is, the title to the two hundred and two acres, has been found at the trial to be ten dollars an acre upon the basis of the relative value of that part of the land to the value of the whole measured by the purchase price; and this is in accordance with the rule established by the authorities cited.

The case finds that, before the purchase of the land was consummated and the deed executed, the parties examined the southerly two thirds of the land, and estimated the amount of poplar timber upon that part as a basis upon which to fix the value of the land, and, without further examination, they estimated the poplar

growth upon the remaining or northerly third, which included the two hundred and two acres, at an average of four and one half cords to the acre, and agreed upon four and one half dollars an acre as the price of that part of the land, and then agreed that the price of the whole land should be $21,500, and that sum was paid as the consideration.   The defendants claim that the damages can be no more than the agreed purchase price of that part of the land of which the title has failed, to wit, four and one half dollars an acre for the two hundred and two acres, and interest.   The agreement to fix that rate as the price of this part of the land was made upon an estimate uncertain, and was arrived at apparently by the merest guess, without examination or information of the quantity of land or of the growth upon it.   The agreement was only a part of the bargain to purchase the entire tract, and the consideration of the agreement was affected by the agreement to purchase the whole.   It was not an agreement to pay a specified price per acre of a separate and definitely bounded tract of land, followed by a separate deed of the tract, or by a deed describing it as a separate tract, and conveying it with other parcels of land in the same deed. The whole land was described as one entire tract conveyed for the consideration of one sum of money, and the deed was the contract of conveyance, into which were merged all preliminary parol agreements relating to the sale and purchase.   The sum awarded as damages for the loss of the two hundred and two acres was found upon a consideration of the quantity, quality, and value of the growth, and having reference to the relative value of this part of the land at the time of the purchase, as compared to the value of the whole tract measured by the whole purchase price.   Following this method, a result less uncertain and more equitable is arrived at than would be reached by limiting the damages by an agreement made upon an uncertain guess, and preliminary to the contract of conveyance in which the agreement was merged.   The reasons for such limitation are not sufficient to make the case an exception to the rule established by numerous authorities giving as damages, where there is a partial failure of title, the comparative and proportionate value of that part of the land to which the title fails, at the time of the purchase, rather than the estimated purchase price of the lost part founded upon conjecture.   The case of *Leland* v. *Stone*, 10 Mass. 459, cited by the defendants in support of their position, is one where several distinct parcels of land were included in the deed, and the title failed to one of these parcels, which was included in the deed by mistake, and for which no consideration whatever was paid ; and the decision cannot be made to apply to the very different state of facts presented by this case.

The plaintiffs' expenses in defending the suits in trespass and for ejectment from the two hundred and two acres and from the one hundred and nine acres included in the Lund survey, located and added by the plaintiffs to make up the tract described in the

deed to one thousand acres, and to which the defendants had no title, were added as a part of the damages. Though the title to the one hundred and nine acres was involved in that litigation, it does not appear what part, if any, of the expenses were incurred. in consequence, nor does it appear that the whole expense was not. necessary in the defence of the plaintiffs' right to the two hundred and two acres, and the amount, $300, with interest from the date of payment, was properly allowed.

The land was described in the deed as a tract known as the poplar territory, marked by a spotted line by a surveyor and " supposed to contain one thousand acres," and the defendants covenanted that if the territory bounded by the spotted line " does. not contain one thousand acres, then we are to deed such additional land adjoining as shall be necessary to make one thousand acres, in accordance with the condition of our bond of even date herewith." The condition of the bond was, if, on accurate measurement, the tract of land described in the deed should not contain one thousand acres, then the defendants, on demand of the plaintiffs, within two years from date, should convey to them by good title such additional land adjoining the described tract as would make that up to one thousand acres.

The bond was security for performance of the covenant in the deed, and, being made at the same time and referred to in that instrument, the condition must be read with and taken as a part of the covenant to convey additional land by reference. Read and considered in that way, the covenant was to convey sufficient additional land adjoining to make up the tract to one thousand acres,. on demand of the plaintiffs within two years. The covenant to convey an additional quantity of land, without other description than the quantity and its location adjacent to the tract already conveyed, entitled the plaintiffs to select and locate it from any adjoining land of the defendants. *Canning* v. *Pinkham*, 1 N. H. 353; *Wofford* v. *McKinna*, 23 Tex. 45. And, as the description must be construed with reference to the actual rightful state of the property at the time of the execution of the deed, the parties. must have intended that the additional land should be taken from other lands of the defendants adjoining, and not from lands which they did not own. *Richardson* v. *Palmer*, 38 N. H. 212, 214. Though the defendants supposed and believed at the time their land extended far enough in a northerly direction to include the one hundred and nine acres taken by the plaintiffs to make up the deficiency, they did not expressly covenant to convey land lying in that direction, and, in the absence of express words to that effect, they could not be held to have intended to convey a tract of land to which they had no title while they had sufficient land of their own adjoining.

No demand was made by the plaintiffs for a conveyance within two years from the date of the deed, and no sufficient excuse

appears for not making the demand.   The condition requiring a demand was not waived by the defendants.   If for some purposes and under some circumstances the survey and location of the land and entry upon it by the plaintiffs might be considered a demand, it could not be such without notice, and it does not appear that the defendants, or any of them, had any notice of the survey, location, and entry until more than two years had elapsed from the date of the deed, nor, in fact, that the survey and location were made within that time.   A demand for the conveyance of the additional land being an express condition precedent, the defendants could not be made liable for non-performance of their covenant until the plaintiffs complied with the prerequisite conditions imposed upon them.   The one hundred and nine acres not being within the description of the defendants' covenants to convey additional land, and the plaintiffs not having made a demand for a conveyance within the time limited, there has been no breach of this covenant for which damages can be recovered.

To entitle the defendants to set off against the plaintiffs' claim their indebtedness to the Twin River Birch Company the claims must be mutual, between the same parties, and in the same right. The birch company is a copartnership, whose members are these defendants, excepting one.   This suit is not against that copartnership, nor even against all the individuals composing it.   The copartnership, the creditor of the plaintiffs, is not a party in interest nor of record in this proceeding, and the plaintiffs, without the consent of such copartnership, could not pay their indebtedness to it by a judgment against the individual members of the firm and another person.   The defendants' claim to such a set-off is not allowed.

The plaintiffs are entitled to judgment for the amount of $2,020, with interest from July 28, 1875, and $300, with interest from June 4, 1884, as found at the trial.

*Judgment for the plaintiffs.*

CLARK and CARPENTER, JJ., did not sit; the others concurred.