RUST LAND & LUMBER CO. v. WHEELER et al.†

(Circuit Court of Appeals, Eighth Circuit. May 1, 1911.)

No. 3,477.

1. Logs and Logging (§ 3*)—Contract for Sale of Timber—Covenant of Warranty.

Plaintiff and defendants entered into a contract which recited that plaintiff was the owner of a tract of land described, and of the cypress timber on other lands adjacent, with the right to cut and remove the same; that in consideration of $34,000, to be paid as specified, plaintiff agreed to sell defendants all of the timber on said tract owned by it, and all of such cypress timber on the other lands, with the right to at once enter upon the premises and cut the timber and manufacture it into lumber; that the lumber should remain the property of plaintiff, but should be released in lots of 1,000,000 feet and become the property of defendants when certain payments were made on the contract. It further provided that when the purchase price of $34,000 should be fully paid plaintiff would convey to defendants by quitclaim deed, "all the timber and timber rights held by it on the lands herein above described," and it covenanted to forever warrant and defend "the title to the property herein conveyed" against the lawful claims of all persons whomsoever. *Held* that, such contract was not one for the conveyance only of such title or interest as plaintiff might have in the timber, but an unqualified agreement to convey the full title to such timber on full payment and to warrant and defend such title.

[Ed. Note.—For other cases, see Logs and Logging, Dec. Dig. § 3.*]

2. Deeds (§ 121*)—Estates and Interests Created—Operation of Quitclaim.

The title to real property or to an interest therein may be as effectually conveyed or transferred by deed of quitclaim as by any other form of conveyance.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 394–400; Dec. Dig. § 121.*]

---

**3. JUDGMENT (§ 699*)—PERSONS CONCLUDED—PERSONS ULTIMATELY LIABLE—NOTICE AND OPPORTUNITY TO DEFEND.**

A judgment against a defendant who has a right of action over against a third party because thereof, is conclusive upon the latter, where it had notice of the action and took full charge of the defense, upon every issue involved therein.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1223, 1224; Dec. Dig. § 699.*]

**4. JUDGMENT (§ 699*)—LOGS AND LOGGING (§ 3*)—SALE OF STANDING TIMBER—BREACH OF WARRANTY OF TITLE—MEASURE OF DAMAGES.**

Plaintiff sold to defendants the timber on certain lands with a covenant of warranty of title. In an action brought by a third party against defendants, which was defended by plaintiff, defendant was compelled to pay for the timber from one tract practically all of which defendants had removed. *Held* that, as between plaintiff and defendants the judgment was conclusive as to the quantity of such timber, but that the value fixed by such judgment was not the measure of defendants' right of recovery against plaintiff for breach of warranty, which was the same proportion of the entire purchase money as the quantity of timber lost by the suit was of the entire quantity contracted for.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 699;* Logs and Logging, Dec. Dig. § 3.*]

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

Suit in equity by the Rust Land & Lumber Company against J. W. Wheeler, H. B. Wheeler, L. C. Wheeler, and C. B. Paul, doing business as copartners under the name of J. W. Wheeler & Co. Decree for defendants, and complainant appeals. Affirmed.

This suit is by the appellant, the Rust Land & Lumber Company, a Wisconsin corporation, which will be called the Land Company, to recover of the appellees as copartners, $6,000 and 6 per cent. interest thereon from May 9, 1905, upon their promissory note for that amount made to the Land Company May 9, 1902, and to establish a vendor's lien upon certain property described in the bill for which it is alleged said note was given in part payment. Upon the final hearing the Circuit Court rendered a decree for the defendants, to reverse which the Land Company prosecutes this appeal.

The facts as shown by the testimony, and found by the Circuit Court, are, in substance: That on May 9, 1902, the Land Company then claiming to be the absolute owner of the N. E. ¼ of the N. E. ¼ of section 4, township 17, range 4 west, in Ashley county, Ark., and the cypress timber then standing upon certain other lands in that county with the right to cut and remove said timber therefrom, sold to the defendants Wheeler & Co. all of the timber upon the tract of land described, and the cypress timber upon said other lands at the agreed price of $34,000 to be paid as specified in a written contract for such sale and purchase that day made between the Land Company and Wheeler & Co., which contract recites that the Land Company is the owner of the land, timber and rights above mentioned; that the second party, Wheeler & Co., desires to purchase from the first party all the cypress timber, rights and privileges enumerated, as well as the timber upon the lands owned by the said first party, and that in consideration of the sum of $5,000 cash in hand paid by the second party to the first party, and the further sum of $29,000 to be paid as evidenced by five promissory notes of even date herewith, with interest from date at 6 per cent. per annum payable annually; one for $5,000 in six months, and the remaining four notes being for $6,000 each, payable respectively on November 9, 1903, 1904, 1905, and 1906, the first party hereby agrees:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"(1) That the second party may at any time after date enter upon the above-described premises or upon any part thereof in the usual manner of logging, * * * and cut and remove therefrom to their sawmill plant in said county all of the timber hereinabove mentioned, and manufacture said logs and timber into lumber.

"(2) The said first party further agrees that from time to time during the period of this contract, whenever the payments of principal made to it by the said second party * * * exclusive of the first payment, shall amount to more than four dollars per thousand feet, board measure, for the lumber so manufactured, * * * it will, upon the request of such party release in lots of not less than one million feet at any one time, said lumber, which shall thereupon become and be the absolute property of said second party; but it is expressly agreed and understood that until such release is executed, the title to said timber, logs and lumber remains in the first party.

"(3) When the purchase price of $34,000 with interest, shall have been fully paid, and the second party shall have performed all the conditions herein required by them to be performed, the first party will, by quitclaim deed, convey to the second party all the timber and timber rights held by it on the lands hereinabove described.

"(4) The first party covenants that it will forever warrant and defend the title to the property herein conveyed against the lawful claims of all persons whomsoever.

"And on the part of the second parties it is agreed: (1) That they will well and truly pay the purchase price hereinabove specified and in the manner required. * * * " (Signed by the respective parties.)

The defendants, pursuant to said contract, cut and removed from the lands described therein the greater part of the timber growing thereon at the time of the contract. In September, 1903, a Mrs. M. E. Foote brought suit in the chancery court of Ashley county, Ark., against the defendants to recover from them the possession of said N. E. ¼ of the N. E. ¼ of section 4, and the value of the timber cut and removed therefrom by them, claiming that she was the absolute owner of said land and timber. Upon being served with summons in that suit, the defendants gave to the Land Company notice thereof, and requested it to defend the same because of its covenant to warrant to them the title to said timber. The Land Company thereupon undertook the defense of said suit in the name of the defendants; employed counsel who took exclusive charge and control thereof, alleged that the Land Company was the lawful owner of said 40-acre tract of land, and of the timber thereon, which timber it sold to Wheeler & Co., and authorized them to cut and remove the same from the land. But upon the trial Mrs. Foote was adjudged to be the absolute owner of said land, and of the timber removed therefrom by the defendants; and judgment was rendered in her favor for the possession of the land, and $6,556.66 as the value of the timber; the quantity of such timber being found by the court to be 1,333,333⅓ feet of cypress, and 40,000 feet of oak, logs. The judgment was affirmed by the Supreme Court of Arkansas November 5, 1906, upon appeal thereto by the Land Company in the name of the defendants. January 31st following, William A. Gilchrist, who was the vice president of the Land Company and the manager of its lands in Arkansas, paid said judgment in full, and took an assignment thereof in his own name for the benefit of the Land Company, caused execution to issue thereon against the defendants, and placed the same in the hands of a sheriff to be levied upon, and satisfied from, their property; and the execution was so levied by said sheriff.

Wheeler & Co. paid their notes to the Land Company as they matured except the one last maturing, which is the note in suit, and upon that had paid the interest to May 9, 1905, at the time of the Foote judgment, and afterwards offered to pay the remainder, upon satisfaction by the Land Company or Gilchrist of that judgment, which they refused to do. Upon final hearing the Circuit Court found the facts to be substantially as above stated; also that the quantity of timber taken by the defendants from said 40-acre tract as found by the state court, viz., 1,373,333 feet of logs, was 15.6 per cent. of the entire quantity of timber sold by the Land Company

to the defendants for $34,000; that defendants were entitled to recoup or recover from the Land Company that per cent. of said $34,000 with interest, which amount it found to be $7,849.92, and dismissed for want of equity the original bill of the Land Company at its costs, and upon defendants' cross-bill adjudged that upon payment by Wheeler & Co., to Gilchrist, within 40 days, the sum of $7,840 with interest thereon at 6 per cent. (being the amount then due upon the unpaid note of Wheeler & Co., to the Land Company) less the costs of this suit, that the Land Company, Gilchrist and the sheriff be perpetually enjoined from collecting the Foote judgment from Wheeler & Co., and awarded Wheeler & Co. judgment for their costs.

J. M. Moore and John B. Jones (W. B. Smith, J. Merrick Moore, and W. H. Fitzhugh, on the brief), for appellant.

N. W. Norton (Norton & Hughes, on the brief), for appellees.

Before HOOK, Circuit Judge, and RINER and REED, District Judges.

REED, District Judge (after stating the facts as above). The assignments of error urged in the brief of appellant's counsel are that appellant's warranty in the contract of May 9th is void; or, if it is not, that the court erred in holding the decree of the state court in the Foote suit to be conclusive upon the appellant; and in the amount of damage it awarded defendants for the alleged breach of said warranty.

[1] The contention of the appellant that its agreement of warranty is void and of no effect rests upon the ground that a covenant of warranty in a conveyance of real or personal property is no part of the conveyance, is independent thereof, and does not enlarge the estate granted; that by its contract appellant only agreed, upon payment of the purchase price of the timber, to convey by "quitclaim deed" to defendants such title or interest as it had therein; and inasmuch as it was determined by the judgment and decree of the state court in the Foote suit that it had no interest in or title to such timber, if that is the effect of that decision, there was nothing to which its agreement of warranty would attach, and it is, therefore, void— citing, in support of such contention, Kountz v. Davis, 34 Ark. 596, Reynolds v. Shaver, 59 Ark. 302, 27 S. W. 78, 43 Am. St. Rep. 36, and cases of like import. But in those cases the quitclaims were only of the right, title, or interest, of the grantors in the property, and not conveyances of the property itself.

We do not agree with appellant that by its contract of May 9th, it only agreed to quitclaim to Wheeler & Co. such title or interest as it might have in the timber it sold them. In determining the meaning of that contract it must be considered as a whole. It recites that the appellant is the owner of the 40-acre tract of land described (which, of course, includes the timber standing and growing thereon) and also all of the cypress timber, upon what is called a cypress brake which included said 40-acre tract, with the right to enter upon and cut and remove the timber therefrom; that the second party desires to purchase all of such cypress timber, as well as the timber upon the 40-acre tract owned by appellant; and in consideration of the sum of $34,000, to be paid as specified, the appellant agrees that the second

party may at any time after the date of the contract enter upon said premises and cut and remove all of the timber therefrom and manufacture the same into lumber; and upon making certain of the payments as agreed the first party will release said lumber in lots of one million feet, which shall then become and be the absolute property of the second party; and when the purchase price of $34,000 with interest shall have been fully paid, the first party will by quitclaim deed convey to the second party all of said timber, and that "the first party covenants that it will forever warrant and defend *the title to the property herein conveyed* against the lawful claims of all persons whomsoever." This language cannot, rightly, be construed to mean that the appellant agreed to convey only such title or interest as it might have in the timber; for it is an unqualified agreement to convey the full title to the timber upon payment by Wheeler & Co. of the agreed purchase price, and to warrant the same against the lawful claims of all persons whomsoever.

[2] It is said that a sale of growing timber upon land in Arkansas is regarded as a sale of an interest in the land upon which it stands. King-Ryder Lumber Co. v. Scott, 73 Ark. 329, 84 S. W. 487, 70 L. R. A. 873. This may be conceded. But the title to real property may be as effectually conveyed or transferred by deed of quitclaim as by any other form of conveyance. This was so at common law (3 Washb. Real Prop. [3d Ed.] 311), and is now the settled doctrine of the national courts, though it may not always have been, and of many of the state courts.

In Moelle v. Sherwood, 148 U. S. 21, 13 Sup. Ct. 426, 37 L. Ed. 350, a question arose whether or not a deed in the chain of title to real property in Nebraska, in which the grantor for a recited consideration of $100 sold, conveyed and quitclaimed "all his right, title and interest in and to" the property, describing it, was a conveyance of the property, or only a relinquishment of some interest of the grantor therein. Mr. Justice Field, speaking for the Supreme Court, said:

"In many parts of the country a quitclaim or simple conveyance of the grantor's interest is the common form in which the transfer of real estate is made. A deed in that form is, in such cases, as effectual to divest and transfer a complete title as any other form of conveyance. There is in this country no difference in their efficacy and operative force between conveyances in the form of release and quitclaim and those in the form of grant, bargain and sale. * * * Covenants of warranty do not constitute any operative part of the instrument in transferring the title. That passes independently of them. They are separate contracts, intended only as guaranties against future contingencies."

A quitclaim deed is a substantive form of conveyance of real property in Arkansas, and is as effectual to convey the estate of a grantor as a deed with full covenants of warranty; Bagley v. Fletcher, 44 Ark. 153; and a grantee under such a deed may be entitled to protection as a bona fide purchaser. McDonald v. Belding, 145 U. S. 492-496, 12 Sup. Ct. 892, 36 L. Ed. 788; Boynton v. Haggart, 120 Fed. 820-823, 57 C. C. A. 301; Prentice v. Duluth Storage, etc., Co., 58 Fed. 437-448, 7 C. C. A. 293. It is true that in these cases the principal question for determination was: Is a grantee for value under a quit-

claim deed entitled to protection as a bona fide purchaser, the requisites of such a purchase, other than the mere form of the conveyance, being shown? But in Prentice v. Duluth Storage, etc., Co., above, this court held that a deed which "remised, released, and quitclaimed" certain lands, describing them, was a conveyance of the land, and not merely a release or transfer of such interest therein as the grantor might have. And see Spreckels v. Brown, 212 U. S. 208-210, 211, 29 Sup. Ct. 256, 53 L. Ed. 476; United States v. California & O. Land Co., 148 U. S. 31-46, 47, 13 Sup. Ct. 458, 37 L. Ed. 354; Sibley v. Bullis, 40 Iowa, 429, 430; Wilson v. Irish, 62 Iowa, 260-266, 17 N. W. 511; Garrett v. Christopher, 74 Tex. 453, 454, 12 S. W. 67, 15 Am. St. Rep. 850, 851. No question is made of the good faith of the purchase by Wheeler & Co., or that they did not pay the full value of the timber. We have no doubt that the contract of May 9th is an agreement by the appellant to convey to Wheeler & Co. the timber and the title thereto upon payment of the purchase price, and not merely a release of such interest as it then had therein, and that its agreement to warrant' that title is a valid and binding contract upon its part.

[3] That there has been a breach of that warranty is not disputed by the appellant, if it is held to be valid, nor could it be successfully, for it was adjudged by a court of competent jurisdiction in the suit of Mrs. Foote against Wheeler & Co. that the appellant was not the owner of the timber when it sold it to Wheeler & Co., and that Mrs. Foote was., The appellant contends that it is not concluded by that decree; and that aside therefrom there is nothing to show the quantity of the timber removed by Wheeler & Co. from the 40-acre tract, the value of which was recovered by Mrs. Foote, nor the price that they were to pay therefor. The appellant was notified by. Wheeler & Co. of the bringing of the suit by Mrs. Foote against them and requested to defend it. It did so at its own expense, but unsuccessfully. Under such circumstances it is concluded by that judgment upon every issue involved therein relative to the right and title of Mrs. Foote to the timber, and the quantity thereof; for a judgment against a defendant who has a right of action over against a third party because thereof, is conclusive upon the latter, if he has had notice of, and full opportunity to defend the action in which the judgment is rendered. In such case he is not regarded as a stranger to that suit, because he has the same means of controverting the same as if he were the actual party upon the record. Lovejoy v. Murray, 3 Wall. 1–19, 18 L. Ed. 129; Washington Gaslight Co. v. District of Columbia, 161 U. S. 316-330, 16 Sup. Ct. 564, 40 L. Ed. 712; Roth Tool Co. v. New Amsterdam Casualty Co., 161 Fed. 709-711, 88 C. C. A. 569; United States Fidelity & Guaranty Co. v. Haggart, 163 Fed. 801-808, 91 C. C. A. 289.

[4] The quantity of timber taken by Wheeler & Co. from the 40-acre tract was necessarily involved in the suit of Mrs. Foote, and was put directly in issue by the pleadings therein; and such quantity was found and determined to be 1,373,333 feet, of the value of $6,556.66. That decree is, therefore, conclusive upon the appellant on that question. Dowell v. Applegate, 152 U. S. 327-341, 343, 345,

14 Sup. Ct. 611, 38 L. Ed. 463; Linton v. Insurance Company, 104 Fed. 584-587, 44 C. C. A. 54; Manhattan Trust Company v. Trust Company of North America, 107 Fed. 328-332, 46 C. C. A. 322. But the amount of the recovery by Mrs. Foote is not necessarily the measure of defendant's recovery against the appellant. The measure of that recovery is the consideration paid by them for the timber lost to Mrs. Foote with interest from the date of the contract. Logan v. Moulder, 1 Ark. 313, 33 Am. Dec. 338, 344, 345; Griffin v. Reynolds, 17 How. 608–611, 15 L. Ed. 229; Paper Co. v. Eaton, 65 N. H. 13, 18 Atl. 171, 172. The decree in the Foote Case does not determine what consideration Wheeler & Co. paid, or were to pay, for the timber upon the 40-acre tract, the entire quantity of timber they purchased from appellant, nor the proportion that the quantity for which she recovered her judgment bore to the entire quantity purchased; for those questions were not involved in that suit, and were not necessary to its determination. As to them that decree is not conclusive upon the appellant. But the consideration Wheeler & Co. paid, and were to pay for the entire quantity of timber, is shown in this suit by the contract of May 9th, and admitted by the pleadings, to be $34,000; and presumptively that is its value. Other proofs on the part of the defendants show that the entire quantity purchased was 8,784,963 feet, and that it was of uniform quality and value. These proofs furnish a sufficient basis for computing the amount Wheeler & Co. are entitled to recover from the appellant. A computation shows that the quantity of timber, for which Mrs. Foote recovered her judgment, viz., 1,373,333 feet, is a little more than 15.6 per cent. of the 8,784,963 feet that Wheeler & Co. purchased; and that per cent., or that proportion of the entire purchase price of $34,000 with the interest upon such proportionate part, is the amount Wheeler & Co. are entitled to recover. Alexander v. Bridgford, 59 Ark. 211, 27 S. W. 69; Paper Co. v. Eaton, 65 N. H. 13, 18 Atl. 171, 172; Beaupland v. McKeen, 28 Pa. 124, 70 Am. Dec. 115–120; Morris v. Phelps, 5 Johns. (N. Y.) 49, 4 Am. Dec. 323-324; Conklin v. Hancock, 67 Ohio St. 455, 66 N. E. 518; Tone v. Wilson, 81 Ill. 529-532. The Circuit Court adopted this rule, made the computation accordingly, and found it to be $7,849.92. It also computed the amount due upon the unpaid note of Wheeler & Co. to be $7,840, a little less than they were entitled to recover from the appellant. The correctness of these computations is not challenged.

Some other errors are assigned, but we have examined the record relating to them, and deem them to be without substantial merit.

The decree of the Circuit Court is therefore affirmed.