### FOAMITE-CHILDS CORPORATION v. PYRENE MFG. CO.

(District Court, D. Delaware. April 20, 1923.)

No. 515.

1. **Evidence ☞175—Record of private writing not primary evidence.**

In the absence of statute so providing, a record of private writing is not primary evidence.

2. **Evidence ☞175—Record of assignments of patents not primary evidence.**

The record of assignment of patents is not evidence of a primary character, under Rev. St. § 4898, as amended by Act March 3, 1897 (Comp. St. § 9444), and Rev. St. § 892 (Comp. St. § 1505).

3. **Evidence ☞186(9)—Public record of private document admissible.**

A duly authorized public record of a private document, not made primary evidence by statute, is admissible as secondary evidence on proper foundation being laid, in that it is presumed to be a true and correct copy of the original.

4. **Evidence ☞182—Execution of original condition precedent to admission of secondary evidence of document.**

Before a copy of a document may be admitted in evidence, not only must the destruction, loss, or unavailability for other reasons of the original be first proved, but the execution of the original must also be established in the same manner as if the original were produced, and this rule is applicable to the record of an assignment of a patent and to a certified copy of such record, under Act March 3, 1897, § 5 (Comp. St. § 9444).

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Acknowledgment ⚖➡55(1)—Certificate not prima facie evidence, unless acknowledged before proper officer.**

The certificate of acknowledgment of an assignment of a patent is not prima facie evidence of the execution of such assignment, unless the assignment is acknowledged before one of the officers specified by Act March 3, 1897, § 5 (Comp. Stat. § 9444).

In Equity. Suit by the Foamite-Childs Corporation against the Pyrene Manufacturing Company. Motion for preliminary injunction denied.

Oscar W. Jeffery and Harry G. Kimball (of Jeffery, Kimball & Eggleston), both of New York City, and Francis De H. Janvier, of Wilmington, Del., for plaintiff.

Charles Neave and Maxwell Barus (of Fish, Richardson & Neave), both of New York City, and William G. Mahaffy, of Wilmington, Del., for defendant.

MORRIS, District Judge. In this suit in equity, instituted by Foamite-Childs Corporation against Pyrene Manufacturing Company for alleged infringement of patent No. 858,188, for improvement in hand fire-extinguishing apparatus, a motion for a preliminary injunction has been heard upon bill, answer, affidavits, and exhibits. The defendant, resisting the motion, contends that the evidence with respect to the title to the patent, validity of the patent or infringement by defendant is not sufficient to warrant the granting of plaintiff's motion, and further that the evidence discloses that the granting of an injunction will damage defendant more than it will benefit the plaintiff.

[1, 2] The plaintiff claims title from Laurent, the patentee, under and by virtue of three several assignments. The originals of the first two were not produced. In lieu thereof duly certified copies of the Patent Office record of the alleged assignments were presented. In the absence of statute so providing, the record of a private writing is not primary evidence. Riggs v. Tayloe, 9 Wheat. 483, 6 L. Ed. 140; Brooks v. Marbury, 11 Wheat. 78, 82, 6 L. Ed. 423; Griffin et ux. v. Reynolds, 17 How. 609, 15 L. Ed. 229; Longworth v. Close, Fed. Cas. No. 8,489. It is, of course, self-evident that a certified copy of the record is not evidence of a higher grade than the record itself. R. S. § 4898, as amended by act of March 3, 1897 (Compiled Stat. § 9444) and R. S. § 892 (Compiled Stat. § 1505), the only statutes in any wise pertaining thereto, do not make the record of assignments of patents evidence of a primary character. Johnston v. Southern Well Works Co. (C. C. A. 5), 208 Fed. 145, 125 C. C. A. 361; Eastern Dynamite Co. v. Keystone Powder Mfg. Co. (C. C.) 164 Fed. 47; American Graphophone Co. v. Leeds & Catlin Co. (C. C.) 140 Fed. 981; National Cash Register Co. v. Navy Cash-Register Co. (C. C.) 99 Fed. 89; Mayor, etc., of City of New York v. American Cable R. Co. (C. C. A. 2) 60 Fed. 1016, 9 C. C. A. 336; Paine v. Trask, 56 Fed. 233, 5 C. C. A. 497. And see Griffin et ux. v. Reynolds, 17 How. 609, 611, 15 L. Ed. 229. I have examined the cases of a contrary

tenor of which the best considered, probably, is Standard Elevator Co. v. Crane Elevator Co., 76 Fed. 767, 789, 22 C. C. A. 549, but they are not convincing and I cannot follow them.

[3-5] A duly authorized public record of a private document, not made primary evidence by statute, is, however, in that it is presumed to be a true and correct copy of the original, admissible as secondary evidence upon proper foundation being laid. It is a general rule of law that before a copy of a document may be admitted not only must the destruction, loss, or unavailability for other reasons of the original be first proved, but the execution of the original must also be established in the same manner as if the original were produced. Shrowders v. Harper, 1 Har. (Del.) 444, 22 C. J. 1042. This rule is applicable to the record of an assignment of a patent and to a certified copy of such record. Mayor, etc., of City of New York v. American Cable R. Co. (C. C. A. 2) 60 Fed. 1016, 9 C. C. A. 336. Three years after the decision of that case Congress, in apparent acquiescence in the principle there enunciated, passed an act providing:

"If any such assignment, grant, or conveyance of any patent shall be acknowledged before any notary public of the several states or territories or the District of Columbia, or any commissioner of the United States Circuit Court, or before any secretary of legation or consular officer authorized to administer oaths or perform notarial acts under section seventeen hundred and fifty of the Revised Statutes, the certificate of such acknowledgment, under the hand and official seal of such notary or other officer, shall be prima facie evidence of the execution of such assignment, grant or conveyance." 29 Stat. 692, c. 391, § 5 (Compiled Stat. § 9444).

Obviously it cannot now be held that the certificate of acknowledgment of an assignment of a patent is prima facie evidence of the execution of such assignment unless the assignment is acknowledged before one of the officers specified by the statute. It is equally obvious, I think, that a copy of the original cannot be stronger evidence of the execution of an assignment than is the original.

As none of the three assignments upon which plaintiff's claim of title rests was acknowledged before one of the statutory officers, and as the execution of two of those assignments has not been made to appear aliunde, there is before me no evidence of plaintiff's title.

I am therefore constrained to conclude, without considering the remaining questions presented, that the motion for a preliminary injunction must be denied.