MEREDITH, et al. *v.* PRATT.

In Banc.   Feb. 27, 1950.

No. 37391 (44 So. (2d) 521)

**J. W. Kellum,** for appellants.

**B. B. Wilkes,** for appellee.

**Smith, J.**

This is an action at law upon an alleged breach of warranty, to which the defense was apparently based upon the theory there was no fraud and deceit practiced by appellants, defendants below, upon appellee, plaintiff below.

Appellee bought from appellants certain lands in Washington County under a general warranty deed, except as to a trust deed thereon assumed by the said purchaser, and taxes through and including 1942. It was, however, agreed in the record that at the date of this transaction there was a deed on record from the Federal Land Bank to an undisclosed vendee containing the following: "There is excepted from this deed and reserved unto the grantor a one-half interest in such of the oil, gas and other minerals in and upon the above land (except sand and gravel) as may be legally owned by the grantor, the remaining mineral interest is hereby conveyed without warranty." The total consideration to appellants from appellee was $41,275.00.

Appellee knew nothing of this reservation until a representative of an oil company informed him of it, although he testified that appellants did not actually misrepresent the title, independently of the warranty in their deed to him. He knew nothing of the reservation, however, at the time of his purchase. At that time the fair market value of the entire land, including all minerals was $65.00 per acre, while without the part reserved, as

shown supra, such value was only $55.00 per acre. There are 635 acres in the tract, appellee claimed.

Four years later appellee sold this land, less that portion reserved by The Federal Land Bank aforesaid, for an aggregate price of $41,500.00. It is his contention here that he would have obtained more money except that he could get nothing for the minerals he did not own and hence could not and did not convey, and appellee's damages are based on this discrepancy. Qualified witnesses testified it amounted to various amounts per acre, as of the date of appellee's purchase, in 1943, with a minimum of $5.00 and a maximum of $10.00 per acre. None of this testimony was contradicted by appellants, who, however, did contend that appellee on the resale suffered no loss, since he obtained thereby more than he had paid originally. Again without contradiction, proof was made of substantial enhancement of land values in the area involved since appellee's purchase and his conveyance of the land to his vendee. The jury returned a verdict of $3,175.00. There was no motion for a new trial.

██ █ Appellants make three points here, which we will discuss briefly. The first is, that since a covenant of warranty in a deed is a covenant running with the land, and appellee was not the owner at the time of the litigation, having conveyed it to another, his vendee only could bring suit for breach of warranty, and that appellee had no right to do so. Brunt et al. v. McLaurin, 178 Miss. 86, 172 So. 309; and Brooks v. Black, 68 Miss. 161, 8 So. 332, 11 L. R. A. 176, 24 Am. St. Rep. 259, are cited in support of this contention. Such principle of law is not available to appellants because appellee did not convey and warrant to his vendee the reserved one-half of the minerals, and said vendee received all he bought.

██ █ █ The next point is that the court erred in granting appellee the following instruction: "The Court instructs the jury for the plaintiff that if you find for the plaintiff you shall assess his damages, and the measure of damages should be the difference in the fair market

value of the land purchased, in March, 1943, with all mineral rights being conveyed, and the fair market value of the land as of that same date, with only one-half of the mineral rights conveyed.'' March 18, 1943, was the date of appellee's purchase from appellants, whose objection to the instruction is that it does not, like the reservation of The Federal Land Bank, except sand and gravel, and that they are minerals. Both parties cite authorities, some holding them to be minerals, more and later authorities holding them not to be. It is immaterial, we think, because the lawyers, the parties, the witnesses all knew that the bone of contention was oil and gas, and the case was so tried, and the jury was not misled. The instruction otherwise gave a correct definition of the measure of damages.

It must be borne in mind that this damage is fixed by the law as of the date of appellee's purchase from appellants, and hence the enhancement in value of the land between that date, and the time four years later when appellee conveyed to his vendee, would not inure to the benefit of appellants to sustain their plea that no damages were proven. There is no proof in the record that such mineral interests have any present value, even if it were pertinent here.

Finally, appellants argue that appellee failed to make out his case because there is no evidence in the record, other than inference to be drawn from the language of the reservation by The Federal Land Bank, that it ever validly acquired title to the land or had validly made such reservation. Conceding that to be true, for the discussion merely, the case was tried in the court below by all concerned on the assumption that the reservation was valid. Appellants never raised the point there, but raised it here for the first time. We have repeatedly held that ordinarily we will not consider for adjudication here a new theory, different from that of the trial in the lower court. We therefore in this case see no reason for

any exception to this general rule, and discuss the contention no further.

The damages may seem somewhat high, but no motion for a new trial was made; and hence we cannot review this feature. The evidence of unimpeached and qualified witnesses supported it. Indeed, there is no assignment of error on this precise question.

The judgment is affirmed.

Affirmed.