BRADY, Justice:
This is an appeal from the Chancery Court of Harrison County, Mississippi, wherein the appellants received a judgment for $1,294.14 against the appellees for a breach of warranty under a warranty deed. From that verdict this appeal is taken.
The appellants purchased from the ap-pellees a tract of land bordering the east side of United States Highway 49, being described as follows:
Commencing at the Northeast Corner of Block 29, Original Lyman for a point of beginning; thence running West along the North boundary line of said Block 29 a distance of 174 feet to the east margin of the right of way line of U. S. Highway 49; thence South 33 degrees 25 minutes West a distance of 172.5 feet; thence Southeasterly along the East margin of the right of way line of U. S. Highway 49 a distance of 163 feet to the South boundary line of said Block 29; thence East along the South boundary line of said Block 29 a distance of 215 feet; thence North along the East boundary line of said Block 29 a distance of 300 feet to the point of beginning. Said property being located in the East J4 of Block 29, Original Lyman in Section 29, Township 6 South, Range 11 West, Harrison County, Mississippi.
The property was purchased by a warranty deed by the appellants for the purpose of building a model home to be used as a model and sales office for the sale of housing.
After the purchase of the land the appellants commenced clearing the land by bulldozing over the trees and removing them, and while in the process of cutting and removing the trees from the property the appellants were informed by the Mississippi State Highway Department that they were cutting trees on the highway right-of-way. After being informed by the Highway Department that the property upon which they were working was owned by the Mississippi State Highway Department, the appellants obtained a new survey of the property which disclosed that the title of the appellants failed as to the 109 feet of the 163.5 feet adjoining United States Highway 49.
The appellants then instituted suit under the warranty deed against the appellees for the 109 feet fronting on the highway.
The chancellor found that the appellants had purchased the property described for $12,000 by paying a portion in cash and a promissory note secured by a deed of trust of the first above described property for the balance. The chancellor further found that the appellees had no title or right to convey the following portion of the above described real property:
Beginning at the Southwest corner of the East one-half of Block 29 Original Lyman lying East of Highway 49 in Section 29, Township 6 South, Range 11 West, Harrison County, Mississippi, proceed North 9° 34' West along the said *419 Eastern right of way of the said U. S. Highway 49 a distance of 53.6 feet, more or less, to a point of beginning for the land herein described; run thence Northerly 9° 34' West a distance of 112 feet; run thence Northeasterly a distance of 172.5 feet to a concrete right of way monument designating the northwest corner of the East half of Block 29 and its junction with the Eastern margin of U. S. Highway 49 right of way; run 18 degrees 26 minutes East a distance of 267.1 feet to the point of beginning being approximately .42 of one acre.
The chancellor found that the appellants had been evicted from that portion of the property conveyed and that the appellees were liable to the appellants for the breach of warranty in the sum of $1,294.14, which was composed of the following items:
Time $750.00
Survey 70.00
Foundation for building 100.00
Trees cut 75.00
Brush removal 54.14
Attorney fee 200.00
Newspaper ads 25.00
Telephone calls 20.00
TOTAL $1,294.14
The chancellor found that this amount covered the damages for the eviction of the appellants from the property to which title failed, damages to the remainder of such property and all damages by way of reimbursement of expenses incurred in the development of the property. Finally, the chancellor found that the amount of $1,-294.14 should be applied as a set-off against the note of the appellants to the appellees for the next ensuing installments, insofar as the said sum covers the next ensuing installments, with interest and principal. From that judgment this appeal is taken by the appellants.
The appellants assign as error that:
• 1. The lower court erred in awarding damages based solely on the expenses incurred in the development of the property in question.
2. The lower court erred in overruling paragraphs 1 and 2 of the appellants’ motion to reconsider.
3. The lower court erred in failing to award damages based on the relative value and importance of that portion of the land to which title failed when taken into consideration with the value of the entire tract of land.
The record and briefs of counsel clearly indicate that the lower court was misled in what elements should be considered in the determination of damages for partial failure of consideration in the warranty deed given by the appellees to the appellant. The rule for determination of damages is clearly set forth in Holcomb v. McClure, 211 Miss. 849, 52 So.2d 922 (1951). In that case it is stated as follows:
There remains to be examined the amount of damages. Appellants argue that the true rule is that set out in 14 Am.Jur., Covenants, Section 149, to wit: “Thus, in the case of a partial breach of a covenant of warranty by reason of a failure of title to a portion of the estate conveyed resulting in eviction from that portion of the premises, the measure of damages is the relative value which the part as to which the title failed bears to the purchase price of the whole estate. A similar rule applies where the action is based upon the covenant of seisin; in such case the covenantee recovers pro tanto only.” We find this rule too general in its scope. The better rule is found in 21 C.J.S. Covenants § 142, p. 1012, where the fact of peculiar advantages attached to the lost area must be taken into account.
The measure of damages for a partial failure under a covenant of warranty of title to real property is the difference between value of the tract as warranted and the value of the tract without the lost portion. Testimony upon this point *420 must relate to the time of its purchase. Brooks v. Black, 68 Miss. 161, 8 So. 332, 11 L.R.A. 176; Meredith v. Pratt, 208 Miss. 412, 44 So.(2d) 521.
Computation upon a mere proportionate or average basis is not proper in the instant case where there was testimony that the lost 45 feet was of more than average value. Compare Griffin v. Reynolds, 17 Hew. 609, 15 L.Ed. 229.
We are of the opinion that the testimony as to value did not relate to the time of the purchase and was erroneously based upon appraisals of the 45 feet as an isolated tract. The cause will thereby be affirmed in all respects save as to the measure of damages and is remanded for hearing on this issue alone. (211 Miss, at 854-855; 52 So.2d at 925.)
The facts in the case at bar place it squarely within the limits of the case of Holcomb v. McClure, supra. This case therefore is affirmed as to liability and remanded to the Chancery Court of Harrison County for determination of the damages only.
Affirmed in part and reversed in part.
ETHRIDGE, C. J., and RODGERS, JONES and SMITH, JJ., concur.