[No. 2690. Decided November 17, 1897.]

ELIZA J. CULLITY et al., Respondents, v. GEORGE D. DORFFEL, Appellant.

BREACH OF WARRANTY OF TITLE — ACTION ON COVENANT — EVIDENCE — ATTORNEY'S FEES.

In an action for damages for breach of covenant of title by a grantee who has been evicted under a judgment of paramount title, neither evidence of such judgment nor of notice to the grantor of the pendency of the action in which it was rendered is admissible, when the complaint fails to allege that notice was given.

A grantor evicted under judgment of paramount title cannot, in an action for damages against his covenantor, recover for attorney fees incurred in defending the former action, unless the same have been actually paid by him.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge. Reversed.

R. B. Albertson, for appellant:

The appellant is not liable for attorney fees incurred in defending the ejectment suit, which have never in fact been paid by respondents. It is a well settled rule that even under an express covenant against incumbrances the grantor cannot recover the amount of incumbrances against the warranted property until he has actually paid the same. Rawle, Covenants, p. 288; *Myers v. Munson*, 21 N. W. 759; *McGuckin v. Milbank*, 31 N. Y. Supp. 1049; *Meck-*

*lem v. Blake*, 99 Am. Dec. 71. Upon the same principle it is held that in an action on an injunction bond the fees of an attorney employed to resist the injunction cannot be recovered as part of the damages, unless they have been paid. The mere fact that the plaintiff is still subject to a liability to his attorney is insufficient. *Willson v. McEvoy*, 25 Cal. 170; *Prader v. Grimm*, 28 Cal. 11; Sedgwick, Damages, p. 307.

*John C. Whitlock*, for respondents:

The measure of damages in an action for the breach of a covenant in a deed is the value of the land, with interest on the same from the date of sale, including reasonable attorney's fee and cost incurred in defending an action brought to recover the land from the covenantee. *Swartz v. Ballou*, 47 Iowa, 188 (29 Am. Rep. 470); *Noble v. Arnold*, 23 Ohio St. 264; *Ryan v. Anderson*, 25 Ill. 372; *Misner v. Bullard*, 43 Ill. 470; *Steele v. Thatcher*, 56 Ill. 257; *Cummings v. Burleson*, 78 Ill. 281; *Andrews v. Glenville Woolen Co.*, 50 N. Y. 282; *Wallace v. York*, 45 Iowa, 81. An indebtedness incurred—a liability to pay—is damages, and we think it is sufficient to constitute a cause of action on the undertaking.

The opinion of the court was delivered by

GORDON, J.—This action was brought by plaintiffs to recover damages for the breach of a covenant in a deed executed by appellant and wife to Eliza J. Cullity, under which deed plaintiffs had taken possession of the premises, and thereafter were evicted pursuant to a judgment of the superior court of King county, rendered in an action in which Thomas Flint and Llewellyn Bixby were plaintiffs and the plaintiffs herein were defendants. The amount which they seek to recover is the value of the premises from

which they were evicted, together with costs and counsel fees sustained by them in defending the former action. From a judgment entered upon a verdict in plaintiffs' favor and from an order denying a new trial, the defendant has appealed.

Respondent Eugene Cullity was a witness at the trial, and the court having permitted a copy of the judgment recovered in the former action to be received in evidence over appellant's objection, the witness was asked whether the defendant (appellant here) had ever been notified of the pendency of such action, and requested to defend the same. This was objected to by appellant upon the ground that the complaint did not allege that any such notice had been given. The objection was overruled, and the witness answered that he had given such notice, and thereupon produced a written notice which was received in evidence. The ruling of the court permitting proof of notice over appellant's objection constitutes the first ground of error assigned.

The rule is well settled that a covenantor of title is bound by a judgment of eviction against the person to whom the covenant has run, where he has appeared and defended the action, or *where he was notified to do so*, and, in the absence of any showing of fraud or collusion, the covenantor who has neglected *after notice* to defend will not be permitted to assert that the recovery was not obtained by virtue of a paramount title. 2 Warvelle, Vendors, p. 1006; Wade, Notice, § 480c; 2 Devlin, Deeds, §935; Rawle, Covenants, §122; *Anderson v. Bigelow*, 16 Wash. 198 (47 Pac. 426).

But in order to bind the covenantor he must have notice and opportunity to present and defend his title.

" The effect of such failure [to give notice] is merely to leave the question of paramount title open to contest in the

action on the covenant. The warrantor is not concluded by the judgment against his grantee." Wade, Notice, p. 264.

In the case at bar, however, while the respondents in their complaint rely upon the judgment under which they were ousted, the complaint nowhere alleges that notice of the pendency of the action was given to the appellant. Without that allegation it does not state facts sufficient to constitute a cause of action. The only evidence of the breach of the covenant or of the paramount title of the plaintiffs in the former action was the judgment itself, and in order to bind the appellant here by such judgment it was essential that the complaint should have alleged that he had notice of the proceedings. The objection to the proof of notice was timely made, and it was error for the court to receive the proof. It does not appear that any application was made to amend the complaint, and as the judgment was the sole evidence of paramount title and as the appellant was not bound by it under the circumstances here shown, the verdict was without legal evidence to support it, and must be set aside, and a new trial awarded.

The respondents recovered the sum of $50 for attorneys' fees in defending the former action. It was admitted by them that such attorneys' fees had not, in fact, been paid. The appellant requested the court to charge that the plaintiffs could not recover on account of such attorneys' fees unless the same had been actually paid by the plaintiffs. The court modified the request by adding, "Or that they have become liable therefor," and in such modified form the instruction was given. Appellant, having excepted to the modification, predicates error upon it. We think that appellant was entitled to have the instruction given without the addition made by the court. The former action terminated in a judgment in 1894. For aught that appears

in the record, the statute of limitations has run against any action that might now be brought against respondents for the recovery of such attorneys' fees.

As the case must be re-tried, we think it better not to discuss the other ground of error urged in the briefs of appellant, as it deals with the evidence, and its consideration at this time could result in no benefit to the parties.

For the reasons above noticed, the judgment appealed from will be reversed, and the cause remanded with direction to permit the complaint to be amended, and to proceed to a new trial.

SCOTT, C. J., and ANDERS, DUNBAR and REAVIS, JJ., concur.