THOMAS B. WOODY v. HUBERT H. BARNETT.

(Filed 18 April, 1956.)

**Judgments § 32—**

The judgment rolls in previous proceedings to have a segment of abandoned highway declared a neighborhood public road *held* not to support a plea of *res judicata* in plaintiff's action against the owner of land abutting the other side of the abandoned highway to have the plaintiff declared owner in fee and entitled to possession of that half of the abandoned road lying on his side of the center line. G.S. 136-67.

APPEAL by defendant from *Sink, J.,* at October Civil Term 1955, of PERSON.

Civil action to declare plaintiff "invested with the easement of right of way in and to" a certain abandoned segment of road along his property line, known as Payne's Tavern Road, and that he be declared the owner thereof as provided by G.S. 136-67.

Defendant, answering, sets up and pleads as *res judicata* judgments in previous actions and proceeding relating to a portion of the same segment of abandoned road, and his counsel upon argument on appeal to this Court declared orally that "plaintiff bases his whole defense on *res judicata.*"

Upon the trial in Superior Court plaintiff offered evidence tending to show that he owns land lying on the west side of Payne's Tavern Road, the road in question, and that the description in his deed calls for, and runs with the center line of said segment; that defendant owns land lying on the east side of a portion of said segment; that plaintiff and defendant claim title from a common source; that plaintiff and other interested parties sought in court actions and proceeding to establish the said segment as a neighborhood public road within the meaning of G.S. 136-67; and failing in that, he brings this action to recover the fee in one-half of the abandoned road along his property line.

Defendant offered in evidence the judgment rolls in the previous actions and proceeding instituted by plaintiff and others as above stated, and oral testimony on which he bases his plea of *res judicata.*

Motions of defendant, aptly made, for judgment as of nonsuit were denied. And the case was submitted to the jury upon a single issue as to whether plaintiff is the owner in fee and entitled to possession of the abandoned part of Payne's Tavern Road lying on the west side of the center line as alleged in the complaint, specifically described. The jury answered the issue "Yes." And to judgment in accordance therewith in favor of plaintiff, defendant excepted and appeals to Supreme Court, and assigns error.

IN RE ESTATE OF THOMAS.

*R. P. Reade, Redmond B. Dawes, Thomas B. Woody, Jr., and E. C. Bryson for Plaintiff Appellee.*

*Davis & Davis for Defendant Appellant.*

PER CURIAM.   Upon a careful review and consideration of the judgment rolls in the previous actions and proceeding pertaining to the abandoned segment of road here involved, in the light of well established applicable principles of law, there is no sufficient evidence to support a plea of *res judicata*.   And the case was properly submitted to the jury on the single issue.   The assignments of error presented fail to show error for which the judgment should be disturbed.

No error.