360 So.2d 929 (1978)
W.P. BRIDGES, Jr., et al.
v.
Steven L. HEIMBURGER.
No. 50184.
Supreme Court of Mississippi.
July 19, 1978.
*930 Simmons & Simmons, Donald O. Simmons, Gulfport, for appellants.
Graves, Riley & Meadows, Joseph R. Meadows, Gulfport, for appellee.
Before ROBERTSON, P.J., SUGG and WALKER, JJ., and BIZZELL, Commissioner.
WILLIAM H. BIZZELL, Commissioner for the Court.[1]
This is an appeal from a decree of the Chancery Court which awarded damages for breach of warranty of title to a lot in Jackson County.
Appellants (Defendants) Bridges and Deweese formerly owned the lot. In 1967 they agreed to sell this and other lots to one Hugh H. Moore. Through mutual error the grantee in the deed was Moore Homes, Inc. but the purchase money deed of trust was executed by Moore individually. On Moore's failure to make payment Appellants foreclosed in 1968 and repurchased at the foreclosure sale. The legal title of course remained in Moore Homes, Inc. Appellants were not aware of the error and it was not discovered by any of the successive owners and lien holders until 1974.
In 1969 Appellants conveyed this lot by general warranty deed to Doyle Homes, Inc. The record does not show either the sale price or the value of the lot at that time. Doyle Homes, Inc. constructed a home on the lot and in 1970 conveyed by general warranty deed to Appellee (Complainant) Heimburger and his wife. On the same day the Heimburgers executed a deed of trust securing an installment note in the principal sum of $30,250. Heimburger later testified that he paid $200 at closing, so apparently $30,450 represented the total purchase price of house and lot including closing costs. Thereafter and prior to this litigation his wife conveyed to Heimburger all her interest in the lot.
In February 1974 Heimburger contracted to sell the house for $36,500. A closing statement prepared for the proposed sale indicated that after mortgage pay-off, real estate commission and other closing costs his net from the sale would have been $3,493.81. The title defect was discovered in April 1974, just before the scheduled closing, and the sale was not completed. Heimburger employed an attorney and paid him a fee of $1250. The Attorney wrote a demand letter in May and filed a damage suit in June. The Bill of Complaint prayed for a judgment for money damages and attorney fees against Doyle Homes, Inc. and against Appellants Bridges and Deweese. Appellants filed a demurrer which was overruled, and then filed their answer. Doyle Homes, Inc. did not answer or appear.
The cause was not heard until November 1975. Meanwhile, in November 1974 a quitclaim deed was executed by Moore Homes, Inc. and Hugh H. Moore individually to Doyle Homes, Inc., thus curing the defect in title. At no time was Appellee's possession disturbed or threatened. After the title problem arose he rented the house for a time and collected a net rental of $2600 but *931 made no further mortgage payments. He apparently made no further serious effort to sell the house. Although at trial he gave the excuse that the lawsuit would have interfered with a sale, it is obvious that his suit for damages could not have affected the sale, rental or occupancy of the property, and after November 1974 there was no title problem. In September 1975 the property was sold at foreclosure for $33,391.00, apparently the total then owing under the deed of trust.
The evidence at the November 1975 hearing is summarized above and was not in substantial conflict. The Chancellor was of the opinion that Appellee Heimburger should recover the amount which he would have netted from the sale except for failure of title, plus reasonable attorney fee. A money judgment was entered against Defendants Doyle Homes, Inc., W.P. Bridges, Jr. and Dewitt Deweese in the amount of $3,493.81 damages plus $1250.00 attorney fee plus court costs. Defendants Bridges and Deweese appealed with supersedeas.
Any liability of Appellants Bridges and Deweese necessarily springs from their 1969 general warranty deed to Doyle Homes, Inc. Mississippi Code Section 89-1-33 (1972) provides that the word "warrant" embraces all of the five common law covenants: seizin, power to sell, freedom from incumbrance, quiet enjoyment and warranty of title. The covenant of freedom from incumbrance is not applicable here. The rules as to liability and damages for breach of the other four covenants are relatively well settled.
The covenant of seizin and the covenant of power to sell (good right to convey) are an assurance that grantor has the estate he purports to convey. These covenants technically were breached when Appellants conveyed to Doyle Homes, Inc., since the legal title was then in a third person. These covenants however are generally regarded as personal covenants, which do not run with the land. Accordingly, Appellants as remote grantors were not liable to Appellee for breach of these covenants. Green v. Irving, 54 Miss. 450 (1877); 21 C.J.S. Covenants §§ 40, 41, 63 and 64; 20 Am.Jur.2d, Covenants §§ 73 and 74.
The other two covenants, quiet enjoyment and warranty of title, are generally held to run with the land, so that a remote grantor may be held liable for their breach. But these two covenants are broken only by eviction or the equivalent of eviction. Green v. Irving, supra; Brunt v. McLaurin, 178 Miss. 86, 172 So. 309 (1937); 21 C.J.S. Covenants §§ 45, 47, 108, 110 and 112; 20 Am.Jur.2d, Covenants §§ 51, 54 and 97. Accordingly, if Appellee had been evicted, or if there had been a judicial determination of loss of title or some other hostile action equivalent to eviction, he might have a claim against Appellants Bridges and Deweese as remote grantors. But Appellee's possession was never disturbed or even threatened. The evidence at trial not only showed that the flaw had been cured, but showed further that Appellee had originally acquired a good equitable title with right to reformation of the 1967 transaction which created the flaw. Accordingly, because there was no eviction or its equivalent, there was no breach here of the covenants of quiet enjoyment or warranty of title.
Under the foregoing general rules it appears that Appellee had no right to recover against Appellants for breach of warranty. Two other principles should be mentioned, however, which would prevent our affirming this decree. First, in all events, any liability of Appellants Bridges and Deweese would be limited to the value of the property, usually determined by sale price, at the time their 1969 deed was executed. Brooks v. Black, 68 Miss. 161, 8 So. 332 (1890); Meredith v. Pratt, 208 Miss. 412, 44 So.2d 521 (1950); 20 Am.Jur.2d, Covenants §§ 133 and 134. Apparently the lot was vacant at the time Appellants conveyed it to Doyle Homes, Inc.; there is no evidence as to value or as to consideration paid at that time.
A second reason this decree could not be upheld is that profits lost through a failure of resale, on account of some breach *932 of a covenant, are not recoverable. North v. Brittain, 154 Tenn. 661, 291 S.W. 1071, 61 A.L.R. 6 (1927); 20 Am.Jur.2d, Covenants §§ 155 and 156. Appellee did not lose any part of his purchase money. The house cost him $30,450; its sale price at foreclosure prior to the trial was $33,391. This represents an actual gain in the total transaction, even without considering the rentals collected by him during litigation.
The foregoing opinion as to liability necessarily requires a reversal of the judgment for attorney fee. It should be added that even if Appellee were entitled to damages for breach of warranty, he would not be entitled to an attorney fee here. Brooks v. Black, supra. If Appellee's attorney had performed services to cure or defend the title, the reasonable cost thereof might well be a proper element of damages. But a fee incurred by the Covenantee in bringing an action against the Covenantor for damages will in no instance be allowed. City of Laurel v. Bush, 238 Miss. 718, 120 So.2d 149 (1960); 20 Am.Jur.2d, Covenants §§ 152 and 153; 21 C.J.S. Covenants § 150 b.
The decree of the trial court is reversed and the Bill of Complaint is dismissed on its merits as to Defendants (Appellants) Bridges and Deweese.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.
BOWLING, J., took no part.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.