[No. 49634–0.   En Banc.   December 15, 1983.]

ROSS MELLOR, *Respondent,* v. ROBERT D. CHAMBERLIN, ET AL, *Petitioners.*

*Leavy, Schultz & Sweeney, P.S.,* by *John G. Schultz,* for petitioners.

*Campbell, Johnston & Roach, P.S.,* by *D. Wayne Campbell,* for respondent.

DOLLIVER, J.—Defendants Robert and Marilyn Chamberlin appeal a decision of the Court of Appeals affirming a judgment for breach of a covenant of title and awarding attorney fees to plaintiff Ross Mellor. Two issues are presented by the appeal: First, whether an action for breach of a covenant of title is barred under the doctrine of res judicata by a prior lawsuit for misrepresentation which was settled between the same parties and concerned the same sale of real property; second, whether a covenantee who prevails in a damage action against a covenantor is entitled to attorney fees under RCW 64.04.030.

Defendants, pursuant to a real estate contract, sold land improved with two office buildings to the plaintiff in May 1968. The adjoining property to the north was owned by Mary Buckman. Prior to the sale, the Chamberlins had leased this property for use as a parking lot. Although this lease was not mentioned in the real estate contract, plaintiff's tenants continued to use the property as a parking lot.

In June 1974, Buckman wrote Mellor informing him a survey of her land showed the building he owned encroached on her property and that she owned the parking lot used by his tenants. Buckman wished to settle the infringement and have Mellor make rental payments for use of the parking lot. When she wired off the parking lot, Mellor agreed to lease the lot.

In the first action, filed in April 1975, Mellor alleged the Chamberlins had misrepresented the parking lot as being included in the sale of the commercial buildings. This lawsuit was settled in July 1976 and an order of dismissal with prejudice was entered.

Meanwhile, in April 1976, plaintiff completed payment of the real estate contract and received a warranty deed to the property. The deed, patterned after RCW 64.04.030, contained three covenants of title: (1) indefeasible fee simple; (2) free of encumbrances; and (3) quiet and peaceful possession.

In September 1977, Buckman wrote Mellor informing him she wanted to settle the encroachment matter. Mellor had the land surveyed and found his buildings encroached less than 2 inches. Buckman wanted $5,000 to sell Mellor a 2-foot strip bordering the buildings to cure the encroachment and provide a maintenance way. Mellor obtained an estimate of $28,518 to cut off the part of the buildings which overlapped. Negotiations with Buckman were to no avail; Mellor paid the $5,000. Buckman quitclaimed the property to him in September 1978.

In January 1979, Mellor brought the second lawsuit against the Chamberlins alleging breach of the covenant of warranty and peaceful possession. The Chamberlins' motion for summary judgment, based upon principles of res judicata, was denied. The trial court entered a damages judgment for Mellor, plus costs and attorney fees. The Court of Appeals affirmed, *Mellor v. Chamberlin*, 34 Wn. App. 378, 661 P.2d 996 (1983), with Chief Judge Roe dissenting as to the award of attorney fees.

## I
### RES JUDICATA

■ Res judicata ensures the finality of decisions. A final judgment on the merits bars parties or their privies from relitigating issues that were or could have been raised in that action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 69 L. Ed. 2d 103, 101 S. Ct. 2424 (1981). In Washington res judicata occurs when a prior judgment has a concurrence of identity in four respects with a subsequent action. There must be identity of (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made.

*Seattle–First Nat'l Bank v. Kawachi,* 91 Wn.2d 223, 588 P.2d 725 (1978).

Although both lawsuits arose out of the same transaction (sale of property), their subject matter differed. The first lawsuit disputed whether the Chamberlins misrepresented the parking lot as part of the sale. The second questioned whether Buckman's claim of encroachment breached the covenant of title. Moreover, the two causes of action were distinct.

> Many tests for determining whether the same claim for relief [cause of action] is involved in both cases have been suggested. It has been said that the claim is the same if the same primary right is violated by the same wrong in both actions, or if the evidence needed to support the second action would have sustained the first action[.]

(Footnotes omitted.) 2 L. Orland, Wash. Prac., *Trial Practice* § 360, at 400–01 (3d ed. 1972). *See also Curtiss v. Crooks,* 190 Wash. 43, 66 P.2d 1140 (1937). Here, the "primary right" not to misrepresent a sale is distinguishable from the right to enforce a breach of a covenant of title. Moreover, evidence to show who owned the parking lot was not directly pertinent in deciding whether the building encroached a few inches.

Clearly, the identity of the parties was the same; their "quality" differed, however, as the causes of action changed from misrepresentation to breach of covenant of title. Hence, we hold the second action is not barred by res judicata as the concurrence of identity in three out of the four elements is missing.

■ Although the general test as to the applicability of res judicata is sufficient in this case, we maintain our view that res judicata principles are less strictly adhered to in the case of covenants of title. 2 L. Orland § 361, at 402 (citing *Harsin v. Oman,* 68 Wash. 281, 123 P. 1 (1912)). In *Harsin* the plaintiff initially sued for a breach of a covenant against encumbrances and recovered nominal damages. A more substantial breach occurred and plaintiff sued on the

same covenant. *Harsin v. Oman, supra* at 283. Defendants argued the second action was barred by res judicata. Holding for the plaintiff, we declared:

> While it is admitted, there can be but one recovery upon the same cause of action. This does not mean the subject–matter of a cause of action can be litigated but once. It may be litigated as often as an independent cause of action arises which, because of its subsequent creation, could not have been litigated in the former suit, as the right did not then exist. It follows from the very nature of things that a cause of action which did not exist at the time of a former judgment could not have been the subject–matter of the action sustaining that judgment.

68 Wash. at 283–84.

The law in *Harsin* is applicable in this present case. When the first suit for misrepresentation was filed, Mellor had neither suffered damages from the encroachment nor was he under an obligation to insist Buckman enforce her rights. *Mellor v. Chamberlin, supra* at 382–83. It was over a year after the settlement of the misrepresentation claim that Buckman decided to enforce her encroachment claim. Until that time, Mellor's lawsuit was not ripe. *See also Washington Nickel Mining & Alloys, Inc. v. Martin,* 13 Wn. App. 180, 534 P.2d 59, *review denied,* 86 Wn.2d 1002 (1975) (trial court's finding that east quarter corner was "obliterated" would not preclude a second suit to determine location of disputed boundary); *Meder v. CCME Corp.,* 7 Wn. App. 801, 502 P.2d 1252 (1972), *review denied,* 81 Wn.2d 1011 (1973) (detailed analysis of whether a first allegation of fraud barred subsequent actions for accounting, cancellation and rescission of contract, reformation of contract and money judgment, missing payments, waste, and breach of fiduciary duties). *Accord, Fell v. Jonas,* 183 So. 2d 735 (Fla. Dist. Ct. App. 1966); *Leckrone v. Lawler,* 125 Ind. App. 35, 118 N.E.2d 381 (1954); *Davis Sand & Gravel Corp. v. Buckler,* 231 Md. 370, 190 A.2d 531 (1963); *Woody v. Barnett,* 243 N.C. 782, 92 S.E.2d 178 (1956).

## II
## ATTORNEY FEES

Judgment for plaintiff also included an award for attorney fees. On appeal, the Court of Appeals affirmed this award, less a $250 sanction for noncompliance with RAP 18.1(c). *Mellor v. Chamberlin, supra* at 385. The court cited RCW 64.04.030 as authority. Under this warranty deed statute, the grantor warrants to the grantee that "title thereto [will be defended] against all persons who may lawfully claim the same".

The Court of Appeals found the statute "evidences a legislative intent to include attorney's fees as damages when an action for breach is brought in good faith by the covenantee against the covenantor." *Mellor v. Chamberlin, supra* at 383. Moreover, the Court of Appeals reasoned that the covenantee "prove[d] the covenantors' duty to defend under the warranty deed . . . [and] were in no way damaged by not having had an opportunity to defend". *Mellor v. Chamberlin, supra* at 384.

Judge Roe, dissenting, found the legislative intent to be unpersuasive as "[n]o authority is cited for that assumption." *Mellor v. Chamberlin, supra* at 386. We agree. RCW 64.04.030 expressly states the grantor—not the grantee—will defend title against third persons. Whether a covenantee is successful at defending title is irrelevant, as the right to defend statutorily lies with a covenantor.

Additionally, *Foley v. Smith,* 14 Wn. App. 285, 539 P.2d 874 (1975), cited by the Court of Appeals, is distinguishable. In *Foley,* both the vendor and the purchaser were joined in a specific performance action brought by a party who had previously contracted to purchase the property. Although unsuccessful, the grantor had his day in court. Here, the Chamberlins were neither notified of the settlement nor given an opportunity to defend. *See* 20 Am. Jur. 2d *Covenants* § 154 (1965).

Generally, a covenantee may not recover damages against a covenantor for breach if no notice is given, as the latter is deprived of a fair opportunity to defend title. *Cullity v.*

*Dorffel,* 18 Wash. 122, 124, 50 P. 932 (1897). *See also Espinoza v. Safeco Title Ins. Co.,* 598 P.2d 346, 348 (Utah 1979) (attorney fees not allowable against grantor which are incurred in an action to recover damages against such grantor). As plaintiff testified, Buckman was "in the driver's seat." Arguably, plaintiff did not assert all defenses or utilize all strategies to challenge Buckman's claim as he was fearful she might increase his lease payments and force him to lose tenants. *See Forrer v. Sather,* 595 P.2d 1306 (Utah 1979) (covenantee not entitled to attorney fees in action against covenantor).

The prevailing American view is that parties should pay their own attorney fees. 3 L. Orland, Wash. Prac., *Rules Practice* § 4441, at 411–12 (3d ed. 1978). In Washington attorney fees may be recovered only when authorized by a private agreement of the parties, a statute, or a recognized ground of equity. *Pennsylvania Life Ins. Co. v. Department of Empl. Sec.,* 97 Wn.2d 412, 645 P.2d 693 (1982).

There is no private agreement, statute, or basis in equity to award Mellor attorney fees. The real estate contract provided "[u]pon seller's election to bring suit to enforce any covenant of this contract, . . . the purchaser agrees to pay a reasonable sum as attorney's fees and all costs and expenses". The statute, RCW 64.04.030, requires grantors to defend title; it does not provide attorney fees to grantees who bring suit. The award of attorney fees is reversed. In light of this reversal, the case is remanded to the Court of Appeals for refund of the $250 sanction to plaintiff.

WILLIAMS, C.J., UTTER, BRACHTENBACH, DORE, DIMMICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.

ROSELLINI, J. (concurring)—I concur in the opinion of the majority with the understanding that the reversal of the award of attorney fees is founded upon either of two distinct circumstances: (1) the attorney fees were not incurred in defense of title, or (2) the grantor had no knowledge of the negotiations and settlement of the claim against title.

The warranty deed statute, RCW 64.04.030, essentially provides that the grantor warrants and will defend the grantee's title against all persons who may lawfully claim the same.

Our holding in the instant action does not refute the rule that reasonable attorney fees expended by covenantees/grantees, in good faith to defend their title, are recoverable against the covenantor/grantor who has notice of the claim against title. *See Foley v. Smith,* 14 Wn. App. 285, 539 P.2d 874 (1975). The law is well established that reasonable attorney fees are recoverable as damages against the grantor of a warranty deed when those fees are incurred by the grantee in defending title and where the grantor has had notice of the pending action and has refused to defend. This award of attorney fees is limited to an action to cure or defend title, and the covenantee/grantee is not entitled to an additional award of attorney fees incurred in an action against the covenantor/grantor for breach of covenant. *Espinoza v. Safeco Title Ins. Co.,* 598 P.2d 346 (Utah 1979); *Bridges v. Heimburger,* 360 So. 2d 929 (Miss. 1978). *See also Flynn v. Allison,* 97 Idaho 618, 549 P.2d 1065 (1976); 20 Am. Jur. 2d *Covenants* §§ 153–54 (1965); 21 C.J.S. *Covenants* § 150b (1940).

In the instant action, the award for attorney fees was not for those incurred in the action between the claimant and grantee, but those incurred in maintaining suit against the grantor, who was not given an opportunity to defend the title.

Consequently, there is no statutory or other recognized right to an award of attorney fees in this action.