968 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Squakee-Martha COLLINS, Plaintiff-Appellant,
v.
NORDSTROM, a Washington Corp.; Scott Wetzel Services, a
private insurance corporation; Dr. Michael
Bidgood, a medical physician; Ralph
Pond, an attorney, Defendants-Appellees.
 No. 91-35916.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 13, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Squakee-Martha Collins appeals pro se the district court's summary judgment in her civil rights action in favor of defendants Nordstrom, Inc.; Ralph Pond, Nordstrom's attorney; Scott Wetzel Services, Inc. ("Wetzel"); and Dr. Michael Bidgood, a medical physician. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 
 3
 * Background
 
 
 4
 In October 1982, Collins, then an employee of Nordstrom, allegedly injured her back while working. As a result of the injury, Collins instituted a worker's compensation claim against Nordstrom. Defendant Wetzel, Nordstrom's worker's compensation administrator, processed the claim. In that same month, Nordstrom discharged Collins from her employment for allegedly screaming obscenities, in the presence of customers, at a store manager and a store personnel manager who were giving her an annual review.
 
 
 5
 Collins received worker's compensation for her back injury through 1987, at which time defendant Bidgood diagnosed her condition as having stabilized. Collins worker's compensation case was then closed and her payments were terminated.
 
 
 6
 In September 1987, Collins filed a civil action in Washington State Court against Nordstrom alleging racial discrimination and discrimination based on handicap, i.e., the back injury that she suffered while working. Defendant Ralph Pond represented Nordstrom in the state court discrimination action. A jury found in favor of Nordstrom in March 1985 and Collins did not appeal the judgment.
 
 
 7
 Collins now brings this action asserting that (1) Nordstrom discriminated against her on the basis of race and physical handicap and discharged her in retaliation for filing a claim with the Washington Human Rights Commission; (2) attorney Pond engaged in unlawful and unethical conduct and slandered Collins during Collins's 1987 Superior Court trial against Nordstrom; (3) Wetzel offered false testimony against her in her workers' compensation proceeding; and (4) Dr. Bidgood conspired to defraud her, breached the physician-patient privilege, and committed medical malpractice when he reported his medical findings to the Department of Labor.
 
 II
 Civil Rights Action
 
 8
 Collins contends that the district court erred when it found that her civil rights claim against Nordstrom was barred by res judicata. This contention lacks merit.
 
 
 9
 Federal courts are required to give "full faith and credit" to state judicial proceedings. 28 U.S.C. § 1738; Gilbert v. Ben-Asher, 900 F.2d 1407, 1410 (9th Cir.), cert. denied, 111 S.Ct. 177 (1990). Thus, we look to Washington state law of res judicata and give the state court judgment the same preclusive effect as would state courts. Gilbert, 900 F.2d at 1410; Matter of Lockard, 884 F.2d 1171, 1174 (9th Cir.1989).
 
 
 10
 In Washington, res judicata bars parties or their privies from relitigating issues that were or could have been raised in the previous action. Mellor v. Chamberlin, 673 P.2d 610, 611 (Wash.1983). Res judicata is appropriate when the current action and the prior judgment involve the same subject matter, cause of action, persons and parties, and quality of the person for or against whom the claim is made. Id.
 
 
 11
 Here, Collins previously litigated and lost an action against Nordstrom based on alleged racial and handicap discrimination. As the district court noted in its grant of summary judgment, Collins's claims are nearly identical to those filed in the previous state court action. The only additional claim is that of retaliatory discharge. Because Collins could have litigated this claim in her previous state court action, the district court properly found that her claims are now precluded by the doctrine of res judicata. See id.; Gilbert, 900 F.2d at 1410.
 
 III
 Pendant State Claims
 A. Attorney Ralph Pond
 
 12
 Collins contends that the district court erred when it found that: (1) Pond did not owe a duty to Collins as an adverse party to the state court litigation; (2) Pond's conduct during trial while representing Nordstrom was privileged; and (3) Collins claim was barred by the statute of limitations.
 
 
 13
 Under Washington state law, Pond did not owe duty to Collins an adverse party in the litigation. See Bowman v. Two, 704 P.2d 140, 145 (Wash.1985). Moreover, his conduct at trial was privileged, Bruce v. Byrne-Stevens & Assocs. Engineers, Inc., 776 P.2d 666, 669 n. 1 (Wash.1989). Finally, Collins's action for attorney defamation was barred under Washington's statute of limitations. Wash.Rev.Code § 4.16.080(2) (three years for attorney malpractice); Wash.Rev.Code § 4.16.100 (two years for defamation). Accordingly, the district court correctly granted summary judgment in favor of Pond.
 
 
 14
 B. Scott Wetzel Services, Inc.
 
 
 15
 Collins contends that the district court erred when it found that Wetzel was immune from suit under Washington's Industrial Insurance Act ("Act").
 
 
 16
 Under Washington state law, the Act provides the exclusive remedy against third-party employer representatives in actions involving wrongful termination of worker's compensation benefits. See Wolf v. Scott Wetzel Services, Inc., 782 P.2d 203, 204 (Wash.1989). Accordingly, the district court properly granted summary judgment in favor of Wetzel.
 
 C. Defendant Bidgood
 
 17
 Collins contends that the district court erred when it granted summary judgment in favor of Bidgood. At the summary judgment proceeding, however, Collins did not offer any probative evidence to support her malpractice allegations against Bidgood. She also did not challenge any of the documents submitted by Bidgood showing that a number of physicians had verified his medical conclusions. Accordingly, the district court properly granted summary judgment in favor of defendant Bidgood. See Franklin v. Murphy, 745 F.2d 1221, 1235 (9th Cir.1984) (to avoid summary judgment plaintiff cannot rely solely on the allegations in the pleadings, but rather must present significant probative evidence tending to support the complaint).
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court did not explain the basis of its subject matter jurisdiction other than stating that the action did not involve a 42 U.S.C. § 1983 claim. Presumably, jurisdiction was proper under 42 U.S.C. § 1985, which prohibits private parties from conspiring to violate a person's constitutional rights, or 42 U.S.C. § 1981, which prohibits racial discrimination in connection with the formation and enforcement of contracts