61 F.3d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin J. GREGORY; Judy A. Gregory, Plaintiffs-Appellants,
v.
WASHINGTON STATE; Pend Oreille County; City of Ione; Allan
A. Botzheim; Pend Oreille County, Defendants-Appellees.
 No. 93-36171.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided June 12, 1995.
 
 Before: D.W. NELSON, HALL and TROTT, Circuit Judges.
 
 
 1
 AMENDED MEMORANDUM**
 
 
 2
 Marvin and Judy Gregory appeal pro se the district court's summary judgment in their 42 U.S.C. Sec. 1983 action against Allan M. Botzheim and Michael Ostlie (collectively "defendants").[1] The defendants, law enforcement officers, obtained search warrants and conducted a search of the Gregorys' premises. As a result, Marvin Gregory was charged and convicted of manufacturing marijuana with the intent to deliver. Charges brought against Judy Gregory were dismissed because she was declared mentally incompetent. In their complaint, the Gregorys alleged that the defendants violated their civil rights when they conducted the allegedly unconstitutional search and seizure of their property. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Federal courts are required to give "full faith and credit" to state judicial proceedings. 28 U.S.C. Sec. 1738; Gilbert v. Ben-Asher, 900 F.2d 1407, 1410 (9th Cir.), cert. denied, 498 U.S. 865 (1990). Thus, we look to the Washington state law of res judicata and give the state court judgment the same preclusive effect as would state courts. Gilbert, 900 F.2d at 1410; O'Malley Lumber Co. v. Lockard (In re Lockard), 884 F.2d 1171, 1174 (9th Cir. 1989).
 
 
 4
 In Washington, res judicata bars parties or their privies from relitigating issues that were or could have been raised in the previous action. Mellor v. Chamberlin, 673 P.2d 610, 611 (Wash. 1983). Res judicata is appropriate when the current action and the prior judgment involve the same subject matter, cause of action, persons and parties, and quality of the person for or against whom the claim is made. Id. Furthermore, the failure to plead federal constitutional claims in a state court complaint does not avoid the preclusive effect of res judicata in a subsequent federal action. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 365 (9th Cir. 1993).
 
 
 5
 Here, the Gregorys previously litigated and lost an action against the defendants based on allegations relating to the issuance of search warrants used by the defendants. As the district court noted in its grant of summary judgment, the Gregory's claims in their section 1983 action are nearly identical to those filed in the previous state court action. Because the Gregorys litigated or could have litigated these claims in their previous state court action, the district court properly found that their claims are now precluded by the doctrine of res judicata. Id.
 
 AFFIRMED.[2]
 
 6
 The Appellants' petition for rehearing is denied.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Pursuant to 28 U.S.C. Sec. 636(c), the parties consented to proceed before a Magistrate Judge
 
 
 [2]
 The Gregorys' motion to supplement the record and motion for continuance are denied