# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| PAUL WILKINSON, | No. 48668-7-II |
| Appellant, | |
| v. | |
| TRACY RADCLIFF and MELISSA POLANSKY, | UNPUBLISHED OPINION |
| Respondents. | |

MELNICK, J. — Paul Wilkinson, a self-represented litigant, appeals the trial court's dismissal of his wrongful termination complaint against two of his former supervisors, Tracy Radcliff and Melissa Polanksy, for retaliation. The trial court's dismissal of Wilkinson's initial complaint, which also alleged retaliation, was affirmed in an unpublished opinion.[1] Here, Wilkinson challenges the trial court's decision that the doctrines of res judicata and collateral estoppel bar his current claim. We affirm.

## FACTS

From 2005 until 2010, Auburn Regional Medical Center's Sleep Disorder Center (ARMC) employed Wilkinson. *Wilkinson* I, 2014 WL 4549088, at *1. Radcliff and Polansky supervised him. *Wilkinson* I, 2014 WL 4549088, at *1. In September 2012, Wilkinson sued Radcliff and Polansky, and others, in King County Superior Court. *Wilkinson* I, 2014 WL 4549088, at *1. Among other causes of action, he alleged wrongful termination because Radcliff and Polansky

---

[1] *Wilkinson v. Auburn Reg'l Med. Ctr.*, noted at 183 Wn. App. 1027, 2014 WL 4549088, at *1, *5.

"did engage in discrimination, harassment, and retaliation." *Wilkinson* I, 2014 WL 4549088, at *2. While his initial complaint was somewhat vague regarding his causes of action, in a subsequent motion for summary judgment, Wilkinson alleges he was retaliated against for a complaint he filed with the Washington State Human Rights Commission (WSHRC).

In August 2013, the trial court, "dismissed with prejudice Wilkinson's claims of gender discrimination and retaliation under the WLAD[2] and Title VII, as well as all claims of violations of the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151-169." *Wilkinson* I, 2014 WL 4549088, at *2. We affirmed. *Wilkinson* I, 2014 WL 4549088, at *1, *5.

In June 2015, Wilkinson filed another complaint; this one in Pierce County Superior Court *Wilkinson* II. It is the subject of this appeal. In *Wilkinson* II, he realleged that Radcliff and Polansky "did wrongfully terminate plaintiff from ARMC in retaliation" for prior complaints Wilkinson filed against his employer with the National Labor Relations Board (NLRB), Equal Employment Opportunity Commission (EEOC), and WSHRC. Clerk's Papers (CP) at 6. The claims relating to the NLRB and EEOC raised federal issues. Radcliff and Polansky successfully removed the 2015 case to federal court. The parties then stipulated to remand the case back to Pierce County Superior Court in exchange for Wilkinson amending his complaint to dismiss the federal claims. The remaining issue involved whether Wilkinson was wrongfully terminated in retaliation for a complaint he filed with the WSHRC.

Radcliff and Polansky filed a motion to dismiss or, in the alternative, for summary judgment, asking the superior court to dismiss *Wilkinson* II on res judicata and collateral estoppel grounds. After considering the parties' briefing and arguments, the trial court dismissed Wilkinson's claims against Radcliff and Polanksy with prejudice, finding "res judicata does bar

---

[2] Washington Law Against Discrimination (WLAD), chapter 49.60 RCW.

Mr. Wilkinson's claim . . . collateral estoppel also bars his claim." Report of Proceedings (RP) at 8-9. The court then granted summary judgment and dismissed the matter because no material issue of fact existed. Wilkinson appeals.

ANALYSIS

The sole issue is whether the trial court erred in dismissing Wilkinson's complaint. We review de novo a trial court's order granting summary judgment. *Columbia Cmty. Bank v. Newman Park, LLC*, 177 Wn.2d 566, 573, 304 P.3d 472 (2013). When reviewing a summary judgment order, we view all of the evidence in the light most favorable to the nonmoving party. *Columbia Cmty Bank*, 177 Wn.2d at 573. "Summary judgment is appropriate 'if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Columbia Cmty Bank*, 177 Wn.2d at 573 (quoting CR 56(c)). Similarly, we review de novo the applicability of collateral estoppel or res judicata. *Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wn.2d 299, 305, 96 P.3d 957 (2004).

I.      RES JUDICATA

The doctrine of res judicata governs "the various ways in which a judgment in one action will have a binding effect in another." *Hilltop Terrace Homeowner's Ass'n v. Island County*, 126 Wn.2d 22, 30, 891 P.2d 29 (1995). Res judicata "applies where a final judgment previously entered and a present action are so similar that the current claim should have been litigated in the former action. In this way, res judicata promotes judicial economy, efficiency, and fairness to litigants." *Storti v. Univ. of Wash.*, 181 Wn.2d 28, 40, 330 P.3d 159 (2014). We determine whether a court has already decided a claim by examining whether the current and past actions share an

"'identity of (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made.'" *Schroeder v. Excelsior Mgmt. Grp., LLC*, 177 Wn.2d 94, 108, 297 P.3d 677 (2013) (quoting *Mellor v. Chamberlin*, 100 Wn.2d 643, 645-46, 673 P.2d 610 (1983)).

In *Wilkinson* I, Wilkinson filed a wrongful termination complaint alleging that in June 2012 he was unlawfully terminated under the WLAD based on retaliation. 2014 WL 4549088, at *2. He specifically states in a subsequent motion for summary judgment that the retaliation was due to a complaint he filed with the WSHRC. 2014 WL 4549008, at *2. Wilkinson's claim of "retaliation under the WLAD" was "dismissed with prejudice" *Wilkinson* I, 2014 WL 4549088, at *2. Wilkinson then filed the present lawsuit in Pierce County Superior Court alleging that in June 2012 he was wrongfully terminated based on retaliation by Radcliff and Polansky because he filed a complaint with the WSHRC. *Wilkinson* I involved a claim for retaliation under the WLAD. Similarly, *Wilkinson* II involved a retaliation complaint filed with the WSHRC. The WSHRC is the agency statutorily charged with interpreting and enforcing the WLAD. *Hegwine v. Longview Fibre Co.*, 162 Wn.2d 340, 349, 172 P.3d 688 (2007). Thus, the retaliation claims are identical.

In *Wilkinson* I and *Wilkinson* II, Wilkinson named Radcliff and Polansky as defendants. When "'parties are identical, the quality of the persons is also identical.'" *Emeson v. Dep't of Corr.*, 194 Wn. App. 617, 636, 376 P.3d 430, 441 (2016) (quoting *Pederson v. Potter*, 103 Wn. App. 62, 73, 11 P.3d 833 (2000)). Moreover, neither party contests that the quality of persons is at issue.

After examining both the current and past actions, we conclude that they share an identity of subject matter, cause of action, persons and parties, and the quality of the persons for or against whom the claim is made. Thus, Wilkinson's retaliation claim has been raised, and rejected, before.

Accordingly, Wilkinson's retaliation claim is barred by res judicata. The superior court correctly granted summary judgment.

II.     COLLATERAL ESTOPPEL

"Collateral estoppel, or issue preclusion, bars relitigation of an issue in a subsequent proceeding involving the same parties." *Christensen*, 152 Wn.2d at 306. To successfully assert collateral estoppel to bar an opponent from relitigating an issue, a party must show

> (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding, (2) the earlier proceeding ended in a judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding, and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied.

*Christensen*, 152 Wn.2d at 307. Because we decided that the superior court properly dismissed Wilkinson's retaliation claim based on res judicata, we need not address his argument that the trial court erred in dismissing his retaliation issues under collateral estoppel. *See DBM Consulting Engineers, Inc. v. U.S. Fid. & Guar. Co.*, 142 Wn. App. 35, 42 n.3, 170 P.3d 592 (2007) (when cause of action barred under res judicata, the court need not also address whether the issues involved in the cause of action are also barred.)

Lastly, we note that to the extent Wilkinson attempts to raise issues relating to his 2012 complaint, those issue are untimely and not properly before this court. We further note that Wilkinson is incorrect in his assertion that self-represented litigants are given wide latitude; rather, we hold self-represented litigants to the same standard as an attorney. *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Johanson, J.

Bjorgen, C.J.