116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward W. KOROLAK, Plaintiff-Appellant,
v.
CITY OF SEATTLE, a municipal corporation, Defendant-Appellee.
 No. 96-35761.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 19, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-95-00993-WLD; William L. Dwyer, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward W. Korolak appeals the district court's summary judgment for the City of Seattle ("City") in Korolak' § 42 U.S.C. § 1983 action, seeking the release of his dog Zeus. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment based on res judicata grounds, see Miller v. County of Santa Cruz, 39 F.3d 1030, 1032 (9th Cir.1994), and we affirm.
 
 
 3
 After Zeus allegedly bit a man, it and Korolak's other dog Sapphire were detained by the City. Soon thereafter, Korolak filed a replevin action in King County Superior Court. Korolak was then convicted, by a Seattle Municipal Court jury, of owning a vicious dog (Zeus). The Municipal Court left the disposition of both dogs to the discretion of Seattle Animal Control ("SAC") and Korolak never appealed the Municipal Court judgment. The King County Superior Court then granted summary judgment for the City on Korolak's replevin claim, which Korolak unsuccessfully appealed to the Court of Appeal and the Washington Supreme Court. Korolak also filed this 42 U.S.C. § 1983 action in district court. Shortly thereafter SAC notified Korolak that it intended to euthanize Zeus, pursuant to the Seattle Municipal Code.
 
 
 4
 The district court found that, because all of Korolak's claims had been, or could have been, raised and decided in the state court litigation, his action was barred by res judicata. Korolak contends that the district court erred by granting summary judgment for the City of Seattle. We disagree.
 
 
 5
 Federal courts are required to give "full faith and credit" to state judicial proceedings. See 28 U.S.C. § 1738; Gilbert v. Ben-Asher, 900 F.2d 1407, 1410 (9th Cir.1990) (per curiam). Thus, we look to the Washington state law of res judicata and give the state court judgment the same preclusive effect as would state courts. Gilbert, 900 F.2d at 1410. In addition, federal courts give preclusive effect to issues decided by state courts when a party from a prior state court proceeding attempts to relitigate identical issues in a subsequent federal proceeding. Allen v. McCurry, 449 U.S. 90, 96 (1980).
 
 
 6
 In Washington,res judicata bars parties from relitigating issues that were or could have been raised in the previous action. Mellor v. Chamberlin, 673 P.2d 610, 611 (Wash.1983) (en banc). Res judicata applies if a prior judgment has a concurrence of identity with a subsequent action in "(1) subject matter, (2) cause of action, and (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made." Loveridge v. Fred Meyer, Inc., 887 P.2d 898, 900 (Wash.1995) (en banc). In determining whether causes of action are identical, Washington considers "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." See Rains v. State, 674 P.2d 165, 168 (Wash.1983) (en banc) (citing Constantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.1982)).[1]
 
 
 7
 Korolak's cause of action in federal court is identical to his previous action: the state court litigation already determined Korolak's rights concerning his vicious animal; both actions would require substantially the same evidence; both actions concern Korolak's due process rights; and both actions arise out of the same transactional nucleus of facts. See Rains, 674 P.2d at 168. Because the state court judgment involved the identical subject matter, cause of action, and persons, and Korolak litigated these claims in his previous state court action, Korolak's action is barred by res judicata. See Mellor, 673 P.2d at 611; Loveridqe, 887 P.2d at 900.
 
 
 8
 Accordingly, the district court did not err by granting summary judgment for defendant. See Miller, 39 F.3d at 1032.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Korolak's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent Korolak contends that his federal constitutional claims are not precluded, we disagree. See Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 365 (9th Cir.1993) (holding that failure to plead federal constitutional claims in a state court complaint does not avoid the preclusive effect of res judicata in a subsequent federal action). Although Korolak claimed several violations of his due process and equal protection rights, most of his alleged § 1983 claims are nothing more than collateral challenges to an adverse state court proceeding for which the district court lacked subject matter jurisdiction. See Allah v. Superior Court, 871 F.2d 887, 890-91 (9th Cir.1989)